# MARTHA EMERSON v. J. M. SCHOONMAKER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1890—Decided May 26, 1890.

1. While the lapse of time between the date of an injury and the date of the trial may be considered by a jury in finding the damages recoverable in an action ex delicto, yet it is error to instruct the jury that the plaintiff is entitled to interest on his damages from the time they accrued.

2. But, where such instruction has been erroneously given, and the plaintiff, in the Supreme Court, is willing to remit the amount included in

Charge of Court below.

the verdict as interest, the judgment may be amended accordingly, without remanding the cause: Reading etc. R. Co. v. Balthaser, 126 Pa. 1; Richards v. Natural Gas Co., 130 Pa. 37.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 373 January Term 1890, Sup. Ct.; court below, No. 130 December Term 1883, C. P.

On October 16, 1883, Martha Emerson and Alfred Emerson, her husband, in right of said Martha, brought case against James M. Schoonmaker. Issue.

At the trial on February 24, 1888, the plaintiff's case was to the effect that Mrs. Emerson was the owner of the surface of about 46 acres of land, the coal under which was held and mined by the defendant under the terms of a lease by which all the coal might be taken out except that under one parcel of 1 acre and 68 perches, on which the farm buildings stood, and "said party of the first part reserves at least one half of said coal which is to be left untouched in such manner as to support said surface and buildings;" and that the coal under said portion had been mined in such manner that the walls of the barn had been injured and a spring of water destroyed. The defendant's case was to the effect that if any injury had been done to the land of Mrs. Emerson by the manner in which the coal under the excepted portion was mined, which was denied, it had been done by a lessee preceding the defendant.

At the close of the testimony the court, INGHRAM, P. J., after reviewing the testimony, charged the jury as follows:

So, it will be a question for you, gentlemen of the jury, under the evidence, to determine first, whether the injury complained of by the plaintiff was caused by the defendant not leaving as much coal under the one acre and sixty-eight perches as he was required to do, or if he did leave that amount, whether what he took out was taken out in such a manner as to leave that, that was left to support the surface and the buildings, improperly in there. [If he did not leave as much as he should, or in the manner he should, then the plaintiff is entitled to recover whatever injury he has suffered by reason of the defendant not complying with his part of the agreement, or with the reservation

clause of the deed. If you should find from the evidence that the defendant has not mined any coal under the reservation clause here, or under one acre and sixty-eight perches, as mentioned in the reservation clause, prior to the time when the injury here complained of was occasioned; or, if he did take any out, that he took it out in such a way as to leave what was there in such a condition as to support the surface and buildings; and that the sink in the surface was not caused by the way in which the defendant has mined, if he has mined any there since that time, and you should find that the sinking of the surface and the draining of the spring was occasioned by the manner in which the coal was taken out prior to the time when the defendant was in possession of the mine, or when it was in possession of the other parties who were working it, then of course the defendant is not liable in this action and your verdict should be for the defendant. But if you find as we have stated, that the loss was occasioned by the way in which the coal was taken out by the defendant, or that he has taken out more than he has a right to take, and the plaintiff has been damaged thereby, then it would be your duty to find what the amount of that damage would be, and on that amount he is entitled to interest from the time the injury was occasioned down to the present time.] [4] . . .

On the part of the defendant we have been requested to instruct you:

1. That under all the evidence the plaintiff is not entitled to recover.

Answer: Refused.[1]

5. That the defendant is not liable in this action for any injury or damage done to the springs or waters on the surface of the one acre and sixty-eight perches reserved, by reason of mining and removing the coal under any part of the plaintiff's surface.

Answer: The point is correct and is affirmed with this qualification: If the jury find from the evidence that the defendant left as much coal under the one acre and sixty-eight perches as he was required by the reservation clause of the deed to leave, and that he left it in such a manner as to support the surface and the buildings as required by said reservation clause in the deed, then he would not be liable in this action and the plaintiff cannot recover. But if the defendant did not leave as much coal under the one acre and sixty-eight perches as he was re-

quired to leave by the reservation clause, or did not leave it in such a manner as to support the surface and the buildings, and the injury complained of was occasioned thereby, then the plaintiff would be entitled to recover whatever amount he has been damaged, with its interest down to the present time.[2]

You have heard the claim of the plaintiff as to the amount of her damage and you can now retire and make up your verdict.

—The jury returned a verdict in favor of the plaintiff for $612. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, assigning for error [inter alia] :

1, 2. The answers to the defendant's points.[1] [2]

4. The portion of the charge embraced in [ ] [4]

*Mr. S. L. Mestrezat*, for the appellant.

*Mr. S. E. Ewing*, for the appellee.

PER CURIAM :

The right of the beneficial plaintiff to recover depended on questions of fact which were properly submitted to the jury and found in her favor. The verdict was fully warranted by the evidence, and there appears to be no error in any of the rulings or charge of the court, except in those portions of the latter wherein the learned judge instructed the jury that, if they found the plaintiff's property was damaged, it would be their duty to ascertain the extent thereof, " and on that amount she is entitled to interest from the time the injury was occasioned down to the present time."

While lapse of time between the happening of an injury and the time of trial is ordinarily a proper subject for the consideration of a jury in making up the amount of damages for which their verdict should be rendered, it is well settled that interest, eo nomine, is not recoverable in actions ex delicto, as it is in cases where a definite sum of money is demandable as a debt; in the latter, interest, at the legal rate, is a matter of right, and the jury may be directed to include it in their verdict: Reading etc. R. Co. v. Balthaser, 126 Pa. 1, 12; Richards v. Cit. N. Gas Co., 130 Pa. 37.

The instructions recited in the fifth and sixth specifications

were therefore technically erroneous, and ground for reversal; but, inasmuch as the plaintiff at bar has expressed a willingness to remit the amount presumably allowed by the jury as interest, the error may be corrected without reversing the judgment and sending the cause back for trial. Assuming that the jury followed the instructions of the court, the amount of interest included in the verdict is $162.24. That sum should be deducted from the verdict as of the date it was rendered, thus reducing the same to $449.76. With that correction, the judgment should be affirmed.

Judgment, as corrected, affirmed.