# McPherson *v.* Pittsburg Railways Company, Appellant.

*Negligence—Damages—Compensation for delay.*

1. A gross discrepancy between an amount claimed by the plaintiff in his statement in an accident case, and the amount found by the jury is a pertinent consideration in determining whether compensation for delay in the payment of damages arising out of a tort should be awarded.

2. In a personal injury case the damages are assessed as of the date of the trial and not of the injuries; hence there can be no general compensation for delay.

3. In an action to recover damages for personal injuries where the plaintiff claims $20,000 damages in his statement, and the jury awards him $1,400, and it appears that there was never a time that the defendant could have made a fair tender to the plaintiff by separating the several elements of damages, the appellate court will reverse a verdict and judgment for the plaintiff where the court below charged that the jury might allow damages at six per cent per annum on the actual amount of loss of earnings by way of compensation for detention of the money.

4. If in such a case the parties agree that $99.00 is the maximum amount of interest which the jury could have awarded under the charge, and the plaintiff agrees to remit that amount, the appellate court will not direct a retrial, but will merely deduct the amount of interest from the judgment, and affirm the judgment as thus corrected.

Argued April 22, 1912. Appeal, No. 168, April T., 1912, by defendant, from judgment of C. P. Allegheny Co.,

234 McPHERSON *v.* PITTSBURG RAIL. CO., Appellant.

March T., 1910, No. 51, on verdict for plaintiff in case of Price S. McPherson v. Pittsburg Railways Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before Evans, J.

The case turned on the allowance of the payment of interest as compensation for delay.

The plaintiff claimed $20,000 damages in his statement.

The court charged in part as follows:

In this connection the evidence is that he lost these earnings that he lost some three years ago, and if he is entitled to recover, if you find that the evidence justifies it you would be justified in adding additional damages by way of compensation for detention of the money. Now, you are not entitled to allow him interest as you would allow interest on a note, but if you find that he is entitled to recover under the evidence, for the detention of this money, you may add that, which amount in damages cannot amount to more than six per cent per annum on the actual amount of loss of earnings.

Verdict and judgment for plaintiff for $1,400.   Defendant appealed.

*Error assigned* was portion of charge as above, quoting it.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—Appellant contends that in such an action as this it is error to instruct the jury that they may add additional damages by way of compensation for detention of the money: Richards v. Citizens' Nat. Gas Co., 130 Pa. 37; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306.

*F. C. McGirr* of *Marron & McGirr* for appellee.

Per Curiam, May 13, 1912:

Where loss of earnings constitutes the only element of the damages claimed by the plaintiff, there would be

force in the contention that full compensation would include damages for the detention from the time of the loss to the time of trial. But in this case the loss of earnings was a very inconsiderable element of the damages claimed. As the learned counsel for the appellant well say, there never was a time when their client could have separated the several elements and have settled with the plaintiff or made him a tender for any one of them; neither the whole claim, nor any of its elements were ever liquidated, so that any tender could have been made, except a tender of the whole amount demanded, which was fixed in the plaintiff's statement at $20,000—a sum grossly in excess of the damages which the jury found he sustained. Generally, such discrepancy is a pertinent consideration, in determining whether compensation for delay in the payment of damages arising out of tort should be awarded: Pierce v. Lehigh Valley Coal Co., 232 Pa. 170; and we think it a pertinent consideration in the determination of the question raised by the single assignment of error in the present case. Moreover, it was declared by the Supreme Court in the recent case of McGonnell v. Pittsburg Rys. Co., 234 Pa. 396, that "in a personal injury case the damages are assessed as of the date of the trial and not of the injury; hence, there can be no general compensation for delay." It is true an additional reason was given for sustaining the assignment of error there under consideration, but as we understand the opinion it would have been sustained if that additional reason had not existed. Therefore, the decision, if not absolutely controlling upon the question whether compensation for delay may be awarded as to some elements of the damages, certainly tends strongly in that direction. We conclude, upon the whole, that it suggests the rule that was applicable to this case, and therefore the assignment is sustained. But according to a calculation made by appellee's counsel, to the correctness of which appellant's counsel assent, the maximum amount of interest which the jury could have

awarded under the judge's charge was $99.36, and the appellee's counsel express their willingness to remit that amount, in the event of our determination that the instruction was erroneous.    Therefore the conclusion reached by us will not necessitate a retrial of the case: Emerson v. Schoonmaker, 135 Pa. 437.

The sum of $99.36 is deducted from the amount of the verdict, as of the date it was rendered, thus reducing the same to $1,300.64, and the judgment as thus corrected is affirmed.