Nick et al., Appellants, *v.* Craig et al.

Argued November 26, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

412

*Charles H. English,* of *English, Quinn, Leemhuis &
Tayntor,* for appellants.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,*
for appellees.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 6, 1930:

On March 8, 1923, the six plaintiffs in this case filed
a bill in equity in the court below praying for an ac-
counting by defendants, Andrews Land Co. and J. Reed
Craig, trustee, of moneys received by them and alleged
to have been wrongfully withheld from plaintiffs as
members of a real-estate-owning syndicate, composed of
plaintiffs and certain other persons, either designated as
defendants or whose respresentatives are named in that
capacity, for whom Craig was trustee and the land com-
pany selling agent. The matter came to a hearing on

bill and answer, and the chancellor decreed an accounting.

An account was filed by the land company, and, on objections to its correctness, an assessor was appointed to state a new account, to be accompanied by a schedule of distribution; which course was duly pursued.

Exceptions to the report of the assessor were filed and argued before the court below in banc, which disposed of them in a second elaborate opinion.

Both before the assessor and on argument of the exceptions to his report, plaintiffs insisted that they were entitled to interest on moneys found to be due them respectively by the land company from the sale of lots and the wrongful charging against plaintiffs of certain items which the court below found should, under the contract with the land company, have been borne by it. The court, however, decreed a distribution without determining the question of interest. Plaintiffs, conceiving the omission to pass on this point to be a judicial inadvertence, filed formal exceptions to the decree last entered, whereby they attempted again to raise the question of interest. Defendants also objected to the decree in question.

When almost three months, the time fixed for the entry of an appeal in such a case, had passed without further action by the court below, plaintiffs, viewing the decree last entered as a final order, and fearing that, unless an appeal was entered, they would lose that privilege, entered an appeal, thus removing the record from the court below to the Supreme Court.

Later, when the last mentioned exceptions came on for argument before the court below, that tribunal held that its last order was in fact and law a final decree; but, in so holding, the court certified that, when it allowed the exceptions to be filed, it was of opinion that the decree "would not become final until the disposition of those exceptions." The court further certified as follows: "We are also of opinion that the appeal [by plain-

tiffs] transferred to the appellate court all proceedings ......and we now have no jurisdiction whatever in the case. We are, however, of opinion that interest is a legal right......, [and] that it was an oversight by the court in banc in not charging interest in the final decree ......" Then the court certified its conviction that the attorney for defendants was misled by it into the error of supposing that the last decree entered would not become final until the exceptions the court had allowed to be filed thereto were disposed of, and that this error had "precluded him [the attorney for defendants] from his opportunity to take an appeal and be heard upon the errors that he avers were made in the findings [and] conclusions reached by the court in banc."

The next move in the case was a petition to the Supreme Court by defendants for the return of the record to the court below, and that they be allowed to appeal nunc pro tunc. On this petition, the Supreme Court allowed a rule "to show cause why the record should not be returned to the court below with leave to open its last decree and dispose of the case as in its opinion right and equity may require." On the return day of the above quoted rule, the Supreme Court, after considering an answer filed by plaintiffs, concluded that the whole matter had better proceed to argument before it, and so ordered in dismissing the rule.

When plaintiff's appeal came on for argument, defendants filed a motion to remit it to the Superior Court, on the ground that the interest claimed by plaintiffs would, in the aggregate, amount to less than $2,500, and for that reason the Supreme Court did not have jurisdiction. Plaintiffs correctly answered that the question of jurisdiction in such a case is to be determined under section 1(c) of the Act of June 24, 1895, P. L. 212, as amended by the Acts of May 5, 1899, P. L. 248, and March 2, 1923, P. L. 3, providing that the amount of the judgment, decree or award is the controlling criterion as to whether a case shall go to the Supreme or the Superior Court (Prentice v. Hancock, 204

Pa. 128, 131; Sharp v. Keiser, 292 Pa. 142, 145; Mahoney v. Collman, 293 Pa. 478, 482, 483), and, on this answer, the motion to remit was denied.

Defendants also moved to quash the appeal, on the ground that, under the peculiar circumstances involved, the decree appealed from should not be considered as final. This motion, also, was refused; for the decree in question purports to dispose of all pending exceptions, and orders distribution in accord with a schedule in "the assessor's supplemental account," formally adopted by the court below, thus constituting, under our authorities, a final and appealable order. See Henry's Est., 290 Pa. 537; Graham's Est., 294 Pa. 493; Constable's Est., 297 Pa. 212, 214.

Now, to dispose of the particular question stated by appellants for determination on this appeal: "In an equity case for an accounting, in which the court finds certain sums due to the plaintiffs, are the plantiffs entitled to interest on the amounts found to be due from the time or times when said amounts should have been paid?" We agree with appellants that, under the circumstances of this case, they are entitled to interest on any amount which may be legally due and awarded to them, but the calculation of this interest is a matter to be disposed of by the court below, not by us. The order we are about to enter will put all parties concerned in a position where they may appeal from such final disposition of the case as the court below may make when this record is returned to it; and, owing to the many delays which have already taken place, it is to be hoped that the court below will bring this prolonged controversy to a speedy close.

The decree appealed from is reversed, and the record is remitted to the court below so that it may enter a decree nisi disposing of the question of interest in accordance with the views expressed in this opinion; such decree nisi to be subject to exceptions filed by either party in accordance with our equity rules. Costs to await the final decision in the case.