Dolores Harmer, Administratrix of the Estate of Mary Frances Szeliga, Deceased, Petitioner *v.* Horsham Hospital, Inc., d/b/a Horsham Hospital and Robert W. Kalish, M.D., Respondents.

Dolores Harmer, Administratrix of the Estate of Mary Frances Szeliga, Deceased, Petitioner *v.* Horsham Hospital, Inc., d/b/a Horsham Hospital and Robert W. Kalish, M.D., Respondents.

Dolores Harmer, Administratrix of the Estate of Mary Frances Szeliga, Deceased, Petitioner *v.* Horsham Hospital, Inc., d/b/a Horsham Hospital and Robert W. Kalish, M.D., Respondents.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*William P. Murphy,* with him *James E. Beasley* and *G. Taylor Tunstall, Jr.,* of counsel, *Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* for petitioner.

*James C. Haggerty,* with him *Richard L. Goerwitz, Jr., Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE CRAIG, July 14, 1981:

The administratrix of the estate of Mary Frances Szeliga appeals from two orders of Administrator Arthur Frankston, the Administrator of Arbitration Panels for Health Care, which denied the estate's motions for the award of delay damages pursuant to Pa. R.C.P. No. 238 and for the inclusion of the administratrix' bond and deposition expenses in the award of taxable costs.

The estate had filed the motion for delay damages with the administrator after the arbitrators entered their decision awarding the estate $9,235.00 and $116,848.46 in survival and wrongful death actions, respectively, against Horsham Hospital. The administrator denied the motion on the ground that he had no authority to make such an award, because Pa.

R.C.P. No. 238[1] confers that power only upon courts and, in this context, upon the *arbitrators* appointed under the Health Care Services Malpractice Act.[2] We agree.

The language of the rule is unambiguous and does not purport to confer any such authority upon the *administrator*. Nor does the Act itself confer upon the administrator authority to award any kind of damages.

The estate's argument, that the administrator occupies the role of a court under the rule, is not well taken. Such an interpretation would amount to reading into the rule a reference which the context does

---

[1] The rule provides pertinently that:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, *as amended,* 5 P.S. §30 *et seq.,* or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 *et seq.,* shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

. . . .

. . . .

(d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

[2] Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §1301.101.

not support; it would make meaningless the apparent exclusivity of the direction that the arbitrators make such an award as part of their decision. As Administrator Frankson succinctly wrote: "If the Supreme Court had intended for the Administrator to act, it would have so indicated as it did elsewhere in the Rules of Civil Procedure. See Pa. R.C.P. 1801 through 1809."

To regard the administrator as the "court" is also unpersuasive in view of Section 308(b) of the Act, 40 P.S. §1301.308(b), which designates the attorney member of the arbitrators' panel as chairperson and directs that the chairperson "shall determine questions of law"; the role of the chairperson is thus much more analogous, than that of the administrator, to the role of the court in the traditional trial procedure. This latter analogy is further bolstered by subsection (d) of Pa. R.C.P. No. 238, which provides that the court may charge the jury that damages for delay are "a matter for the court", *i.e.*, a question of law, read in conjunction with the provisions of 37 Pa. Code §171.106, which direct the parties to submit requested points for charge to the chairperson, who shall rule on the requested points and charge the panel accordingly, as does the judge of a court.

These provisions afford adequate opportunity for counsel to request such a charge to the panel, an opportunity which the record discloses the estate to have foregone, just as it responded negatively to the chair's inquiry as to whether the parties desired any special factual interrogatories answered. Without such requests, we must presume that such damages have been included in the arbitrators' award, pursuant to Pa. R.C.P. 238(a).

With regard to the second issue, the law is clear that, absent specific statutory authority otherwise,

only record costs of proceedings in court are recoverable, and not costs of preparation, consultation, or fees generally. *DeFulvio v. Holst,* 239 Pa. Superior Ct. 66, 362 A.2d 1098 (1976). The expenses at issue here are not such record costs, and the estate has directed us to no authority for their recovery. In 42 Pa. C. S. §1726, addressing costs, we cannot find the authority required; it addresses only rulemaking power, and does not itself prescribe such rules.

Accordingly, we affirm the administrator.

ORDER

Now, July 14, 1981, the August 15, September 9, and September 10, 1980 orders of the Administrator of Arbitration Panels for Health Care at No. M77-0037, are affirmed.