## Albert v. Denito

*Peter J. Verdrame*, for plaintiff.
*David Durben,* for defendant.

BECKERT, *J.,* May 3, 1983—On March 30, 1983 the undersigned entered an order denying plaintiff's motion to add damages for delay under Pa.R.C.P. 238, following a hearing and entry of an award of money damages in plaintiff's favor by a board of arbitrators on January 20, 1983. From our order, plaintiff has appealed to the Superior Court.

The issue before us is whether a board of arbitrators' award can be amended by this court's supplemental determination that further damages should be awarded for delay in a tort action pursuant to Rule 238. Here, there is no question as to whether Rule 238 was appropriate, but rather whether it was actually applied by the arbitrators in determination of the amount of their award. Defendant suggests that damages for delay were included in the lump sum award entered, but that factually unsupported suggestion flies in the face of the mandate of Pa.R.C.P. 1306 that delay damages are to be separately itemized.

Plaintiff, by way of an affidavit signed by her and attached to a reply memorandum of law filed on her behalf, tells us that at the time of hearing there was no mention whatsoever of delay damages being sought or awarded. If that allegation is correct, then it may be true that plaintiff was deprived of a significant additional element of compensation to which she was rightfully entitled. Nevertheless, we shall continue to explain why we felt we could not grant her the relief which she requested.

While the rationale and method of computation of additional damages under Rule 238 is, for the most

part, clear and understandable, the manner in which the delay damages issue is to be raised and dealt with at the time of hearing of a case is most unsettled, and left to be implemented by local rule of court. Our court has drafted no such rule (various procedures have been followed elsewhere — see the 1981 Explanatory Note which follows the text of Rule 1306).

It appears that the burden of insuring that the provisions of Rule 238 are applied by arbitrators rests upon plaintiff's counsel. See Harmer v. Horsham Hospital, Inc., 60 Pa. Commw. 525, 431 A.2d 1187 (1983) which says at page 1188:

"These provisions [including Rule 238] afford adequate opportunity for counsel to request such a charge to the panel, . . . . Without such requests, we must presume that such damages have been included in the arbitrators' award, pursuant to Pa. R.C.P. 238(a)."

Recognizing that counsel in that instant case did not come forward with a timely request for consideration of delay damages, plaintiff asked us to exercise the power vested in the common pleas court by Rule 1307 to mold the award of the arbitrators. The pertinent subsection of that rule provides:

"(d) Where the record and the award disclose an obvious and unambiguous error in the award in mathematics or language, the court, on application of a party within the thirty-day period allowed for appeal, may mold the award to the same extent and with the same effect as the court may mold the verdict of a jury."

The following excerpt from the note which appears at the end of that rule is equally informative:

"Subdivision (d) is new. If a judge may mold the verdict of a jury, after the jury has dispersed, to cor-

rect obvious and unambiguous errors in language or in mathematics, the judge should have the equivalent power with respect to an award of arbitrators.

These rules contemplate that the board will disperse after rendering the award, not to reconvene and not to hear any motions or applications to amend, modify or change the award. If any party is dissatisfied with any aspect of the award, the sole remedy is an appeal for a trial de novo.

If the award is unintelligible or ambiguous or unclear or subject to alternative interpretations, an aggrieved party can only appeal. In the rather rare case of a clear error of language or mathematics, obvious on the face of the record and not subject to any ambiguity, for example, misspelling a party's name in the award or miscalculating interest at six percent on a fixed amount for a fixed number of days, and no party wishes to appeal, it is arbitrary to hold that an appeal, and the time and expense of a trial de novo, is obligatory.

Subdivision (d) sets two definite standards. First, the court may not mold the award beyond the extent it could mold it if it were a verdict of a jury. That standard will be found in Chief Justice Maxey's opinion in the leading case of Maize v. Atlantic Refining Co., 352 Pa. 51, 41 A.2d 850 (1945). Second, that standard is further narrowed by limiting it to the specific category of an 'obvious and unambiguous error . . . in mathematics or language.'

This subdivision should be rarely applicable but, when needed, should be useful to avoid useless and unwanted appeals."

Plaintiff's request for relief here was not predicated on "an error in the award in mathematics or language" such as would permit us to tamper with the

award entered by the board. This instead appears to be a situation where the award is "subject to alternative interpretations" so that appeal is the only appropriate remedy, harsh as that may be. To conclude otherwise would require us to engage in speculation as to exactly what transpired at the hearing and during the deliberations by the arbitration board, since no record of those proceedings exists. Perhaps the appellate court may see fit to remand this case for depositions or other supplementation of the record to amplify plaintiff's arguments, but we do not believe it was within our power to follow that course.

Finally, we should comment on a discrepancy which does not in our opinion change the outcome of this case but which is in need of correction. Pa.R.C.P. 1312 requires the following wording to appear on the form of award to be furnished for use by arbitrators: "(Note: If damages for delay are awarded, they shall be separately stated.)", but that wording has been omitted from the form actually provided to the board. Regardless, since the burden of proof to seek delay damages rests upon the plaintiff as aforesaid and because that form would be utilized by an arbitration board only after conclusion of presentation of evidence and dismissal of parties and witnesses, we believe plaintiff suffered no real harm.

## ORDER

And now, this March 30, 1983, upon consideration of plaintiff's motion to add damages for delay, under Pa. R.C.P. 238, and defendant's answer thereto, it is hereby ordered and decreed that the motion is denied.