471 A.2d 856

**Mitchell S. GREENSPAN and Rhea F. Greenspan, H/W, Appellants,**

**v.**

**UNITED SERVICES AUTOMOBILE ASSOCIATION.**

Superior Court of Pennsylvania.

Argued Oct. 11, 1983.

Filed Jan. 20, 1984.

Petition for Allowance of Appeal Denied July 20, 1984.

316

Ronald L. Wolf, Philadelphia, for appellants.

Louise Herzl-Betz, Philadelphia, for appellee.

Before SPAETH, President Judge, and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the January 13, 1982 Order of the Court of Common Pleas of Philadelphia County (per Judge Lord), sustaining appellee's, United Services Automobile Association's, preliminary objections and entering judgment for the appellee and against the appellants, Mitchell S. & Rhea R. Greenspan. We affirm.

The standard for reviewing an order sustaining preliminary objections in the nature of a demurrer, which is

applicable to the case at bar, was reiterated by this Court in *Rose v. Wissinger*, 294 Pa.Super. 265, 270, 439 A.2d 1193, 1196 (1982):

> It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

In compliance therewith, we observe that appellants filed a complaint in trespass and assumpsit seeking "delay damages" from the appellee under Pa.R.Civ.P. 238. In pertinent part, the appellants alleged in their complaint that:

4. On or about August 29, 1979, plaintiff Mitchell S. Greenspan was severely injured while driving his automobile westbound on Bryn Mawr Avenue in Radnor Township, Delaware County, Pennsylvania, when he was struck by a stolen automobile.

5. At the time of the accident the driver of the striking vehicle was uninsured.

6. At the time of the accident plaintiffs were insured under an automobile liability policy with United Services Automobile Association which insurance contract provided for, *inter alia*, uninsured motorist protection in the amount of $300,000.00 per insured vehicle, or a total of $600,000.00. (A true and correct copy of the face sheet of the said policy is attached hereto and labeled Exhibit "A").

7. United Services Automobile Association was given written notice of the accident within two days thereof.

8. United Services Automobile Association was formally notified of plaintiffs' uninsured motorist claim within one year of the accident.

9. Pursuant to applicable provisions of the said contract, uninsured motorist proceedings were conducted before a panel of arbitrators who issued an award in favor of plaintiffs on September 18, 1981 in the amount of $460,000.00. (A true and correct copy of the arbitrators' award is attached hereto and labeled Exhibit "B").

10. It was recognized by both parties that the arbitrators did not have the authority under Rule 238 to award damages for delay and, accordingly, the full amount of the award of arbitrators was paid to plaintiffs without prejudice to plaintiffs' right to proceed in a separate court action against defendant for damages for delay.

11. Pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure this Court [of Common Pleas] is authorized to award to the plaintiffs in an action seeking monetary relief for bodily injury damages for delay at ten (10%) percent per annum unless the defendant complies with subsection (e) of the said Rule.

12. On September 11, 1981, defendant made a written offer in the amount of $100,000.00 to settle plaintiffs' uninsured motorist claim. (A true and correct copy of the said settlement offer is attached hereto and labeled Exhibit "C").

13. No written offer to settle plaintiffs' uninsured motorist claim was made before the arbitration other than that which is contained in Exhibit "C".

14. The award of the arbitrators was in excess of 125% of defendant's settlement offer of September 11, 1981.

15. Defendant's settlement offer of September 11, 1981, failed to qualify defendant for any exemption from damages for delay pursuant to Pa.R.C.P. 238(e).

16. Damages for delay are calculated as follows:

A. Under Rule 238(2), damages for delay are computed from the later of: the date of the initial complaint (in this case, notice of claim) or one year after accrual of the cause of action. The later date in this case is one year after accrual of the cause of action, or August 29, 1980.

B. Damages for delay from August 29, 1980 to September 18, 1981 (one year and twenty days) at ten (10%) percent per annum = $48,520.55.

WHEREFORE, plaintiffs demand judgment from defendant in the amount of Forty-eight Thousand Five Hundred Twenty Dollars and Fifty-five Cents ($48,520.55), plus lawful interest and costs.

In response, appellee filed preliminary objections asserting that, *inter alia:*

4. Plaintiff failed to make a record before the arbitration panel to substantiate his claim.

5. Rule 238 does not apply to common law arbitration pursuant to a contract and Plaintiffs' Complaint, therefore, fails to state a cause of action which conforms to law and should be stricken with prejudice.

In a brief Opinion, the trial judge held, without citation of any case law, that neither the Pennsylvania Rules of Civil Procedure nor Rule 238, in particular, applied to "an award under an uninsured motorist policy [claim.]"

The issue for our review is whether a common law arbitration is an "action" within the meaning of Rule 238 so as to afford the appellants the opportunity to seek "damages for delay" from the appellee-insurance company.

Since the issue has never been before this Court, the exact meaning of the Rule must be ascertained from the sparse case law dealing with the particular Rule and rules of construction.

Before discussing the issue at bar, we find it appropriate, first, to examine one of the allegations proffered by the appellants, for the response thereto will affect the manner in which we approach the resolution of the controversy.

To-wit, appellants urge that "[u]nder the words of the Rule, either the Court *or* the arbitrators appointed under th[e Arbitration Act of June 16, 1838 (5 P.S. § 30 *et seq.*) or the Health Care Services Malpractice Act of October 15, 1975 (40 P.L. § 1301.101 *et seq.*)] shall award damages for delay. Since, in this case, the arbitration was pursuant to the Uniform Arbitration Act and not the Acts of 1838 or 1975, the Rule merely mandates that the Court make the award. Any reading of Rule 238 which would provide immunity to an uninsured motorist carrier would be incorrect, and, in any event, any ambiguity must be resolved in favor of plaintiffs[-appellants]. *Blocker v. Aetna Casualty [and Surety Co.,* 232 Pa.Super. 111, 332 A.2d 476 (1975)]." (Appellants' Brief at 10).

 Initially, we observe that the "resolution of any ambiguity" referred to by the appellants applies to the ascertainment of the intent of the Legislature or the intendment of an insurance policy, *see Miller v. United States Fidelity & Guaranty Co.,* 304 Pa.Super. 43, 450 A.2d 91 (1982), and not, as appellants would have us believe, to a rule of civil procedure clearly written by our Supreme Court. Moreover, because the insurance contract is not a part of the record before us, "and since there is no evidence that both parties subsequently agreed, either expressly or by implication, to apply the [Uniform Arbitration] Act,[1] common law rules must control the enforcement of the award[ ]" by the three-member panel of arbitrators. *See John A. Robbins Co. v. Airportels, Inc.,* 418 Pa. 257, 261, 210 A.2d 896, 898 (1965). The reason for making this distinction is obvious since, in essence, we are being asked to review the arbitrators' award and permit it to be modified or corrected, as compared to being vacated, by the Court of Common Pleas of Philadelphia County so as to include "damages for delay" in the award under the guise of Rule 238. This we cannot and will not do.

1. 42 Pa.C.S.A. § 7301 *et seq.*

█ In the past, this Court has had occasion to remark upon the dichotomy between statutory and common law arbitration for purposes of review. For instance, in cases where statutory arbitration is involved (e.g., Uniform Arbitration Act), resolution of factual disputes are within the province of the arbitrators, just as they are with the fact-finding jury or trial judge in non-jury cases. Also, the Uniform Arbitration Act intends that the court may review and modify or correct the arbitrators only where:

1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

3) the award is deficient in a matter of form, not affecting the merits of the controversy.

42 Pa.C.S.A. § 7315(a)(1), (2) & (3).

*See also Pein v. State Farm Mutual Automobile Insurance Co.*, 241 Pa.Super. 283, 361 A.2d 348 (1976).

In an arbitration governed by common law principles, the arbitrators are the final judges of both fact and law and the award is not subject to judicial review for mistakes of either. *Gallagher v. Educator & Executive Insurers*, 252 Pa.Super. 414, 381 A.2d 986 (1977). Notwithstanding such a seemingly all-inclusive rule, there do exist grounds for vacating or modifying the award of a panel of arbitrators issued pursuant to a nonjudicial arbitration; e.g., where "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341; *James D. Morrisey, Inc. v. Gross Construction Co.*, 297 Pa.Super. 151, 443 A.2d 344 (1982).

Additionally, the preceding narrow scope of review was broadened somewhat by *United Services Automobile Asso-*

*ciation Appeal,* 227 Pa.Super. 508, 516, 323 A.2d 737, 741 (1974):

> Thus the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable.

However, given the facts recited *supra,* the appellants have fallen short of providing this Court with a justiciable reason, be it statutory or case law, to modify or correct the arbitrators' award. The same holds true in the case of the trial judge below.

For this Court to find that Rule 238 affords the impetus for altering the award of the arbitrators would be tantamount to weaving new law out of whole cloth. There is no basis in fact or law for such a pronouncement *by this Court,* regardless of the appealibility of such a notion.

In *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), our Supreme Court upheld the constitutionality of Rule 238 and *its* constitutional rule-making authority to promulgate the Rule in question. In the course of doing so, the Court pointed out that:

> Undeniably, this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts.

*Id.,* 496 Pa. at 59, 436 A.2d 151. The "alleviat[ion of] delay" spoken of in *Laudenberger,* as reconstructed in the explanatory comments to Rule 238, encompassed " 'so-called major cases not presently subject to arbitration [and] ... the appeals from arbitration which require further proceedings in the trial court.' " *Id.,* 496 Pa. at 58, 436 A.2d at 150. And, the Court also noted the propensity of some litigants to wait until the eleventh hour to negotiate a settlement,

with the resulting consequence of denying a plaintiff "the money he would have earned on his award if he had promptly received it." *Id.*, 496 Pa. at 65, 436 A.2d at 154. To compensate an aggrieved plaintiff for the dilatory actions of a defendant, the Court authorized the award of damages, which could be the outgrowth of, *inter alia*, " 'a wrong sustained as a consequence either of a breach of a contractual obligation or a tortious act.' 22 Am.Jur.2d, Damages § 1." *Id.*, 496 Pa. at 66, 436 A.2d at 155.

 ·In light of the aforesaid, it is relevant at this stage of the discussion to point out that instantly the insurer's obligation to the insured arises totally out of the contract of insurance. "Their obligation is not the same as that of the uninsured motorist. [United Services Automobile Association] does not represent the interest of the uninsured motorist nor is their [sic—its] obligation that of a successor to the uninsured motorist. The insurer represents itself and its rights against, and obligations to, the insured are determined solely by the insurance contract." *Boyle v. State Farm Mutual Automobile Insurance Co.*, 310 Pa.Super. 10, 16, 456 A.2d 156, 159 (1983).

Nonetheless, the fact remains that, despite the manner in which one cares to interpret the remarks in *Laudenberger* as to Rule 238 encompassing insurance companies who delay in going to trial and the uninsured who causes loss to a plaintiff, Rule 238 is clear and explicit as to those situations in which it applies:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded,

which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

(b) In arbitration under the Act of 1836, the amount of damages for delay shall not be included in determining whether the amount in controversy is within the jurisdiction of the arbitrators.

(c) Except as provided in subdivision (e), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action.

(d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

In accordance with the specific terminology set forth in Rule 238, "damages for delay" shall be added to an award, verdict or decision against a defendant by "the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 *et seq.* [; *repealed* April 28, 1978, P.L. 202, No. 53, § 2(a) [149], effective June 27, 1978; *reenacted at* 42 Pa.C.S.A. § 7361], or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 *et seq.*"

■ In the case at bar, we have observed that appellants did not litigate their case before the court of common pleas in the first instance, nor is there any evidence that the matter in dispute was brought under the Arbitration Act of June 16, 1836. The same can be said for the Arbitration Act of 1976, as amended, 42 Pa.C.S.A. § 7361. Thus, giving Rule 238 a common sense reading, 1 Pa.C.S.A. § 1903(a), one would stretch credulity to argue that the common law arbitration conducted here comes within the ambit of the Rule.

In *Harmer v. Horsham Hospital, Inc.,* 60 Pa.Cmwlth. 525, 431 A.2d 1187 (1981) the Commonwealth Court was confronted with the argument that Rule 238 permitted the Administrator of the Arbitration Panels for Health Care to award delay damages. The Court disagreed and wrote:

> The estate had filed the motion for delay damages with the administrator after the arbitrators entered their decision awarding the estate $9,235.00 and $116,848.46 in survival and wrongful death actions, respectively, against Horsham Hospital. The administrator denied the motion on the ground that he had no authority to make such an award, because Pa.R.C.P. No. 238 confers that power only upon courts and, in this context, upon the *arbitrators* appointed under the Health Care Services Malpractice Act. We agree.

> The language of the rule is unambiguous and does not purport to confer any such authority upon the *administrator.* Nor does the Act itself confer upon the administrator authority to award any kind of damages.

> The estate's argument, that the administrator occupies the role of a court under the rule, is not well taken. Such an interpretation would amount to reading into the rule a reference which the context does not support; it would make meaningless the apparent exclusivity of the direction that the arbitrators make such an award as part of their decision. As Administrator Frankston succinctly wrote: "If the Supreme Court had intended for the Administrator to act, it would have so indicated as it did

elsewhere in the Rules of Civil Procedure. See Pa.R.C.P. 1801 through 1809." (Emphasis in original)

*Id.*, 60 Pa.Cmwlth. at 526–527, 528, 431 A.2d at 1187–1188.

We believe that the logic of *Harmer* applies instantly to undermine appellants' contention that the "damages for delay" called for in Rule 238 embraces common law arbitration, even though it does not provide for such a proceeding as a vehicle to trigger the Rule. Moreover, since the Pennsylvania Supreme Court is the *sole* tribunal vested with the authority to "prescribe general rules governing practice, procedure, and the conduct of all courts . . . .", Pa. Const. Art. V, § 10(c), for us to allow the appellants to have the arbitrators' award modified by the lower court to reflect "delay damages" would be to invade the bailiwick of the Supreme Court and usurp its constitutionally created power. *See Laudenberger v. Port Authority of Allegheny County, supra.* This we are not permitted to do. If the Supreme Court had desired a court of common pleas to have the authority to modify a common law arbitration award so as to affix "damages for delay," it could have made provisions for such a practice in the Rules of Civil Procedure.[2]

2. We note that the appellants did not invoke the lower court's equitable powers in resolving the dispute so as to enter an award in favor of the appellants for delay damages. *See generally Sarsfield v. Sarsfield,* 251 Pa.Super. 516, 380 A.2d 899 (1977) (Concurring Opinion by SPAETH, J.). Rather, they sought relief on the law side of the court of common pleas, *id.,* and such a court was not vested with any statutory power to grant the relief requested. This conclusion is borne out by the language utilized by the Court in *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980), wherein it was determined that the Act of April 6, 1859 (now repealed and recodified at 42 Pa.C.S.A. § 8101) did not foreclose a litigant from securing pre-verdict interest before a court sitting in equity. This is in contradistinction to Rule 238, which is more explicit on the subject of delay damages, and the suit instantly being brought on the law side of the court of common pleas. On this topic the *Sack* Court wrote:

Th[e] weight of authority compels the conclusion that the Act of April 6, 1859 does not bar an award of pre-verdict interest in order to prevent unjust enrichment or where the payment of interest is required to avoid injustice. These authorities are also in agreement that the decision whether to award interest and the amount of such interest, is vested in the discretion of the chancellor. This is especially true in cases, like the present one, in which the plaintiff's claim for interest is contained in her prayer for general relief and is

*See Harmer v. Horsham Hospital, Inc., supra,* and compare with *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980) (Weight of authority compelled the conclusion that the Act of April 6, 1859, P.L. 381, § 1, 12 P.L. § 781 (1953), *repealed* and *recodified* in substantially similar form at 42 Pa.C.S.A. § 8101, did not bar an award of pre-verdict interest by a Chancellor sitting in Equity to prevent unjust enrichment or where the payment of interest is required to avoid injustice).

We feel that the clarity with which Rule 238 was written counsels against us altering the language to accomodate the appellants. If the Rule is to cover claims like those raised instantly, it will require but a stroke of the Supreme Court's procedural rule-making pen to implement the practice. It is not for this Court to act unilaterally. Similarly, we are not dissuaded from our ruling by appellants' argument calling for the court of common pleas to calculate the amount of delay damages to be added to the arbitrators' award and to leave "[a]ny corrections that might well be made to this procedure . . . to the Supreme Court." (Appellants' Brief at 10) Aside from the fact that we believe the better practice to be to have the Supreme Court make "any corrections" to the Rule in the first instance and not after the fact, *there is simply no provision in the Rule sanc-*

> therefore dependent upon the "long recognized power of a Chancellor to shape and render a decree which accords with the equities in the case." *Salisbury Township v. Vito,* 446 Pa. [200] at 204, 285 A.2d [529] 531.[7]
>
> [7] The *dicta* relied upon by appellant in *Emerson v. Schoonmaker,* 135 Pa. 437, 440, 19 A. 1025 (1890), does not apply to the present case. *Emerson* was a case at law unlike the present case in equity, and was tried before a jury. Moreover, appellant's more modern cases support the position we take today. In *Nick v. Craig,* 298 Pa. 411, 415, 148 A. 709 (1930), the award of interest by the equity court was due solely to the Court's conclusion that "under the circumstances of this case" interest should have been awarded. In *Gervis v. Kay,* 294 Pa. 518, 526, 144 A. 529 (1928), the Court recognized that the decisions to include interest is one grounded in equitable considerations. Lastly, in *Fidelity-Philadelphia Trust Co. v. Simpson,* 293 Pa. 577, 587, 143 A. 202 (1928), the issue presented to this Court was whether the decision of the chancellor to award interest worked an "injustice."
>
> 489 Pa. 152, at 165 & n. 7, 413 A.2d 1059, 1065–1066 & n. 7.

*tioning the entry of delay damages by a tribunal other than the one that issued the verdict, award or decision.* See "Explanatory Note—1981" to Compulsory Arbitration, Point 14, located in Pennsylvania Rules of Civil Procedure at 321. The basis for such a requirement is obvious, since the arbiter(s) of fact and law is in the best position to review a request for the issuance of such damages.[3]

Affirmed.

3. We note in passing that the appellants created no record, at any stage of this litigation, to justify their request for "damages for delay."