485 A.2d 806

**Kathleen A. ALBERT, Appellant,**

v.

**James DENITO.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1984.

Filed Dec. 12, 1984.

Peter J. Verderame, Langhorne, for appellant.

David Durben, Newtown, for appellee.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order of the Court of Common Pleas of Bucks County denying appellant's motion to add delay damages to an arbitrators' award in a tort claims action.

██ Appellant argues that Pa.R.C.P. 238 [1] relating to delay damages permits the lower court, by virtue of the

---

1. Pa.R.C.P. 238:
   **Rule 238. Award of Damages for Delay in an Action for Bodily Injury, Death or Property Damage**

modification provisions of Pa.R.C.P. 1307(d),[2] to supplement the arbitrators' award despite her failure to bring a request for such delay damages to the attention of the arbitrators. We disagree.

■ Our reasons for doing so are threefold: The lower court has correctly stated that Rule 1307(d) relates only to the correction of "obvious and unambiguous errors", under which rubric damages for delay are not included since their

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

(b) In arbitration under the Act of 1836, the amount of damages for delay shall not be included in determining whether the amount in controversy is within the jurisdiction of the arbitrators.

(c) Except as provided in subdivision (e), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action.

(d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

2. Pa.R.C.P. 1307(d)

(d) Where the record and the award disclose an obvious and unambiguous error in the award in mathematics or language, the court, on application of a party within the thirty-day period allowed for appeal, may mold the award to the same extent and with the same effect as the court may mold the verdict of a jury.

addition is tantamount to a different, substantive remedy rather than a mere rectification of formal error.

As the comment to Rule 1307(d) states: "If the award is unintelligible or ambiguous or unclear or subject to alternative interpretations, an aggrieved party can only appeal."

■ No formal appeal was taken as this matter came before the Court of Common Pleas on motion. Assuming this procedure was sufficient to bring the issue under scrutiny,

> [T]he Uniform Arbitration Act intends that the court may review or modify or correct the arbitrators only where:
>
> 1.) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> 2.) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> 3.) the award is deficient in a matter of form, not affecting the merits of the controversy. 42 Pa.C.S.A. § 7315(a)(1), (2) and (3).

*Greenspan v. United Services Automobile Association,* 324 Pa.Super. 315, 322, 471 A.2d 856, 860 (1984).

Despite appellant's argument that no rule requires that the issue of delay damages be raised, common sense dictates that an award cannot be made where injury is not alleged. Further, Pa.R.C.P. 1306, which requires that delay damages be separately indexed on the arbitrators' award document, also states that "the award shall dispose of all claims for relief ...." The tacit corollary is clear that a claim must be presented for compensation to be forthcoming. The obvious parallel is to Pa.R.App.P. 302(a) which requires that for consideration to be afforded an issue on appeal, it must have been raised below or it is waived.

Finally, the recent case of *Greenspan v. United Services Automobile Association, supra,* is dispositive. In that case, under similar factual circumstances and where delay

damages had in fact been alleged in the complaint, we stated:

> For this Court to find that Rule 238 affords the impetus for altering the award of the arbitrators would be tantamount to weaving new law out of whole cloth. There is no basis in fact or law for such a pronouncement *by this Court,* regardless of the appealability of such a notion.

*Id.,* 324 Pa.Superior Ct. at 323, 471 A.2d at 860 (emphasis in original)

Although *Greenspan* applies specifically to common law, rather than statutory arbitration, we feel no compunction in adhering to this principle.

Order of the Court of Common Pleas of Bucks County is affirmed.