## Halpern v. Gerber

*Shanin Specter*, for plaintiffs.
*Barton L. Post*, for defendant Harris Gerber, M.D.
*Sharon Reiss*, for defendant Rolling Hill Hospital.

KLEIN, R.B., *J.*, March 12, 1986—Sidney Halpern won a verdict in a malpractice case against defendants. He claimed malpractice because defendants failed to perform a bronchoscopy and therefore did not timely diagnose his tracheal cancer. He claimed that the diagnosis should have been made on May 30, 1980. The diagnosis was not made until July 14, 1981. Suit was filed shortly thereafter.

Dr. Halpern claims that delay damages under Rule 238 of the Pennsylvania Rules of Civil Procedure starts May 30, 1981, a year after the doctors made their mistake—failing to perform a bronchoscopy which would have revealed his condition.

Defendants respond that the cause of action did not accrue for the purpose of Rule 238 until a year after Dr. Halpern knew he had a lawsuit. That would be July 14, 1982, a year after the actual diagnosis of tracheal cancer was made.

This court holds that for the purposes of Rule 238, the cause of action does not accrue until plaintiff knows he has a claim. A defendant should not be subject to delay damages for failure to settle before he knows there is a claim against him to settle.

## DISCUSSION

Pa. R.C.P. 238 provides in relevant part:

"(I)n an action seeking monetary relief for bodily injury, death or property damage . . . the court . . . shall

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision."

The issue in this motion is what the phrase "accrual of cause of action" means.

The word "accrue" in connection with the accruing of a cause of action means being complete so that the aggrieved party can begin and prosecute his action. The true test is to ascertain the time when plaintiff could first have maintained his action to a successful result. 1 Am. Jur 2d, Actions §88.

The Pennsylvania Supreme Court has made it clear that the definition of cause of action is not a rigid concept.

"The phrase cause of action is not susceptible of any single definition to be applied in all types of cases, but may mean one thing for one purpose and something different for another." Fisher v. Hill, 368 Pa. 53, 59, 81 A.2d 860, (1951).

Since accrual of action is a flexible legal concept, determined by the particular circumstances of the case, it is appropriate to refer to the legislative history of Rule 238. The legislative history of Rule 238 clearly indicates that delay damages are awarded to provide defendant with an incentive to settle with plaintiff as early as possible. The legislative committee has noted:

"The Judicial system has long been vexed by the problem of congestion and delay in the disposition of civil actions for bodily injury, death or property damages pending in trial court . . .

". . . (I)n too many cases meaningful negotiations commence only after a trial date is fixed or on the courtroom steps or in the courtroom, thus leading to delay in the disposition of cases and congestion in the courts. The present practice provides no incentive for early settlement.

"A one-year period to ascertain permanent injuries in personal injury cases and for the parties to conduct settlement negotiations does not seem to the (Civil Procedure Rules) Committee excessive, particularly in major cases." Pa. Bull. Vol. 8, No. 39, p. 2668.

An award of delay damages "serves to compensate plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestions in the courts." Greenspan v.

United Service Automobile Association, 324 Pa.Super. 315, 323, 471 A.2d 856, 860 (1984).

While the above comments do not more clearly define the meaning of accrual of action generally, they do demonstrate that in order to carry out the rule's legislative intent, we should interpret it in a way that encourages settlements and avoids delay. It would be unfair to defendants to force them to pay interest for delay at a time when plaintiff had no legal claim and defendants were unaware of a possible or real legal claim against them.

The intent of Rule 238 is effected by assessing delay damages against a defendant when the defendant actually delays in consummating a settlement. Assessing delay damages before that time does not fulfill the intent of Rule 238 and does not comport with the definition of accrual of action.

## ORDER

And now, this March 12, 1986, upon consideration of the plaintiffs' motion for delay damages and the reply of defendants, Niesenbaum, M.D. and Mass. M.D.,

It is ordered, adjudged and decreed that delay damages shall be calculated from the date of July 14, 1982.