Kerchner, Sr.'s Estate, et al. *v.* Liquor
Control Board.

Argued October 22, 1971, before Judges KRAMER,
MANDERINO and MENCER, sitting as a panel of three.

*Louis Kwall,* with him *Herbert B. Lebovitz* and *Le-
bovitz & Lebovitz,* for appellants.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *Albert B. Miller,* Special Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MANDERINO, December 31, 1971:

Peter P. Kerchner, Sr., and his two sons, Peter P. Kerchner, Jr., and Frank Kerchner, operated a restaurant with a restaurant-liquor license under the name of Pete's Grille in McKees Rocks, Pennsylvania. The liquor license was issued by the Pennsylvania Liquor Control Board. On August 22, 1969 Peter P. Kerchner, Sr., died. On September 26, 1969 Frank Kerchner, one of the co-licensees, was stopped while driving his automobile in Fayette County, Pennsylvania, by State Police. He had some liquor in his automobile which he purchased in Maryland, which liquor did not have the official seal of the Board.

The Board sent a notice of violation to the licensed premises on October 1, 1969. On November 19, 1969 a citation was sent to the licensed premises addressed to Peter P. Kerchner, Jr., and Frank Kerchner, the surviving partners, to show cause why the liquor license issued for the premises would not be revoked. The surviving co-licensees executed a waiver, admission and authorization, wherein they waived the hearing on the citation, admitted the charges in the citation and authorized the Board to enter a final order.

On April 15, 1970, the Board issued an order imposing a $500 fine upon Peter P. Kerchner, Jr., and Frank Kerchner. An appeal was taken from the order of the Pennsylvania Liquor Control Board in the Court of Common Pleas of Allegheny County, Pennsylvania, on April 23, 1970. A hearing de novo was held before the court on September 15, 1970, and the court affirmed the order of the Pennsylvania Liquor Control Board. An appeal to this court was taken.

Two issues are presented. The first is whether the nature of the violation and citation were effective. Appellants contend that failure to give notice to Peter P. Kerchner, Sr., and failure to have his name on the citation renders any action taken by the Pennsylvania Liquor Control Board improper and illegal. We do not agree. While the appellants may argue that failure to cite and give notice to Peter P. Kerchner, Sr., is a fatal defect, this defect was cured by the hearing de novo in the Court of Common Pleas of Allegheny County. The Liquor Code provides: ". . . in the event the person who was fined or whose license was suspended or revoked by the Board shall feel aggrieved by the action of the Board, he shall have the right to appeal to the . . . County Court of Allegheny County in the same manner as herein provided for appeals from refusals to grant licenses." Liquor Code, Act of April 12, 1951, P. L. 90, 47 P.S. Sec. 4-471.

The Code further provides: ". . . any applicant who has appeared before the Board or any agent, thereof, at any hearing . . . may take an appeal limited to the question of such grievance. . . . The Court will hear the application de novo on questions of fact, administrative discretion, and such other matters as are involved. . . ." Liquor Code, Act of April 12, 1951, P. L. 90, 47 P.S. Sec. 4-464.

The appeal from the Board's order to the Court of Common Pleas was filed by the administratrix of the deceased partner as well as the two surviving partners. If there were any defense to the charges in the citation, they could have raised them at that time. However, at the hearing de novo the charges were again admitted. The hearing de novo afforded to the appellants their full constitutional rights of due process. *Alpha Club v. Pennsylvania Liquor Control Board,* 363 Pa. 53, 68 A. 2d 730 (1949).

Additionally, notice to any partner relating to partnership affairs operates as notice to the partnership. Uniform Partnership Act (Act of March 26, 1915, P. L. 18, Part III, Section 12, 59 P.S. 34). Therefore, notice and citation addressed to the surviving partners were sufficient.

The second question is whether there was sufficient cause for the order of the Pennsylvania Liquor Control Board, imposing a suspensory fine of $500 against the licensees. A direct violation of the Liquor Code committed by one co-licensee is a proper basis for action against a license held by partners. The Liquor Code provides: "Upon learning of any violation of this act . . . by any licensee . . . the Board may . . . cite such licensee." Liquor Code, Act of April 12, 1951, P. L. 90, 47 P.S. Sec. 4-471. It was admitted that one of the co-licensees had violated the Liquor Code. Action against the license is proper.

Two cases cited by the appellants should be distinguished. In *Commonwealth v. Price Bar*, 203 Pa. Superior Ct. 481, 201 A. 2d 221 (1964), the Court held that the fact that the president and stockholder of a corporation holding a restaurant liquor license had been convicted of crimes not connected with the licensed business and not committed on the licensed premises did not constitute sufficient cause for revocation of the license. In the cited case, there was no violation of the Liquor Code. In the instant case there was such a violation. In the case of *In re Liquor License of Penguins of Darby*, 52 Del. Co. 73 (1965), the Court held that where unlawful sales of alcoholic beverages occurred on premises owned by a club licensee, but not covered by the license, *and where it was not established that the persons who made the sales were servants, agents, or employees* of the club, a penalty could not

be imposed on the club. In the instant case the violation of the Liquor Code was by a co-licensee.

Accordingly, we affirm.