**Rose v. Keeney**

*Harry B. Thatcher,* for appellants.

*Robert B. Brugler* of *Brugler & Levin,* for appellees.

Ziegler, P. J., June 16, 1972.—Suit was filed by appellees-plaintiffs by their attorneys, Brugler & Levin, a partnership consisting of Robert B. Brugler and Norman L. Levin, Esqs., to recover property damage sustained in a highway collision on August 9, 1966. Arbitrators found in favor of appellees-plaintiffs on September 27, 1971, in the sum of $1,175. On October 15, 1971, appellants-defendants, by their attorney, Harry B. Thatcher, Esq., filed, pursuant to Mifflin County Rule 954, notice of appeal, affidavit and praecipe to place the case on the trial list and, at the same time, paid to the prothonotary the arbitrators' fees and costs theretofore incurred, executed and filed with the prothonotary a recognizance in the sum of $100 and thereupon paid said sum to the prothonotary. Norman S. Kenney, of appellants-defendants, was not available to execute the recognizance within the appeal period by reason of his residence in Ohio and his involvement as a long-distance truck driver. On Saturday morning, October 16, 1971, lawyer Thatcher withdrew notice of appeal, affidavit and praecipe from the prothonotary's office, took same to the offices of Brugler & Levin at 10 South Wayne Street, Lewistown, Pa., for the purpose of having service accepted, spoke to Lawyer Levin who advised that Lawyer Brugler

would not be in that day, advised Lawyer Levin that he had a paper for acceptance of service by Lawyer Brugler, and inquired of Lawyer Levin whether or not he would accept service thereof. Lawyer Levin declined to accept service stating that he preferred that Lawyer Brugler accept service personally. Lawyer Thatcher then requested Lawyer Levin to have Lawyer Brugler call him, Lawyer Thatcher, on Monday. Lawyer Thatcher returned to Lawyer Brugler's office on at least two occasions during the early part of the week of October 18th with the papers for Lawyer Brugler's acceptance, failed to find Lawyer Brugler in and available and on each occasion left a message for Lawyer Brugler to call. (We assume that Lawyer Brugler did not call Lawyer Thatcher as requested.) After lapse of several more days, Lawyer Thatcher dispatched the papers via secretary to Lawyer Brugler for acceptance, but Lawyer Brugler then refused to accept service on the ground that time for appeal had expired. Said secretary then left copy of notice, affidavit and praecipe with Lawyer Brugler notwithstanding his refusal to accept service. On November 9th, Lawyer Brugler filed a motion for rule to quash defendants' appeal for the following reasons:

"1. Lack of conformity to Rule 954 (o) (1) of the Court of Common Pleas of Mifflin County in that notice of said Appeal was not served upon Plaintiffs or their counsel as required;

"2. Lack of conformity to Rule 954 (o) (1) of the Court of Common Pleas of Mifflin County in that an appeal bond was not filed as required therein."

Lawyer Thatcher accepted service of said motion and waived issuance of such rule.

Although we have not had the benefit of a brief from either counsel, we shall perform our function of decision.

## ISSUES

The issues raised by said motion, as amplified at arguments, are as follows:

1. Must notice of appeal be served by prothonotary or may it be served by attorney for appellants-defendants?

2. Assuming notice of appeal may be served by attorney for appellants-defendants, must it be served by acceptance of service or registered mail or may it be served pursuant to Pennsylvania Rules of Civil Procedure 233, 1027 and 1041?

3. Assuming notice of appeal may be served by attorney for appellants-defendants and also assuming that same may be served pursuant to Pa. R.C.P. 233, 1027 and 1041, was adequate legal notice of appeal served on attorneys for appellees-plaintiffs?

4. To perfect an appeal, must notice thereof be served within the 20-day appeal period or is it sufficient that the notice, affidavit and appeal bond required by local rule, infra, be filed within such period?

5. Must Affidavit required by local rule, infra, be that of appellants-defendants or may it be that of attorney for appellants-defendants?

6. Must appeal bond, or recognizance, required by local rule, infra, be executed by appellants-defendants or may it be executed by attorney for appellants-defendants?

7. Must appeal bond containing warrant of attorney for the confession of judgment be filed when cash is deposited or may recognizance without such warrant of attorney be filed when cash is deposited?


## DISCUSSION

Mifflin County Rule 954 provides with respect to appeals from action of arbitrators, in part, as follows:

"(o) Any party may appeal from the action of the board to this court. The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty days after the report of the board is filed with the prothonotary:

"(1) The appellant shall file with the prothonotary a notice of appeal (a copy of which shall be served by the prothonotary upon the adverse party or his counsel by acceptance of service or registered mail); an affidavit that the appeal is not taken for delay but because he believes injustice has been done; an appeal bond with sufficient surety in double the amount of costs that are likely to accrue and which shall contain a warrant of attorney for the confession of judgment; and a praecipe ordering the case for trial on the next succeeding civil trial list;

"(2) The appellant shall pay all record costs accrued to the time of taking the appeal;

"(3) The appellant shall repay to the prothonotary for the use of the county all fees received by or payable to the members of the Board of Arbitrators in the case in which the appeal is taken, but not exceeding 50 percent of the amount in controversy, in which case, the balance of the arbitrators' fees shall be absorbed and paid by the county. The sum so paid shall not be taxed as costs in the case and shall not be recoverable by the appellant in any proceeding. (Amendment of March 15, 1966, Act No. 391, 5 PS §71.)"

As to the first issue, we hold that notice of appeal need not be served by prothonotary but that same may be served by attorney for appellants-defendants. Mifflin County Rule 954(o)(1), supra, provides for notice of appeal to the adverse party or to his counsel. No such provision is contained in the Act of June 16, 1836, P. L. 715, 5 PS §21, et seq., pursuant to which our Compulsory Arbitration Rule, Mifflin County Rule 954,

supra, was drafted. Our said local rule provides that a copy of such notice of appeal shall be served by the prothonotary upon the adverse party or his counsel. We hold that service by the prothonotary is directory and not mandatory and that service may be effected by attorney for appellants-defendants. Moreover, we hold that rules of court should be liberally construed and that the court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties": Pa. R. C. P. 126. For reasons hereafter appearing, we believe that no substantial rights of appellees-plaintiffs were affected by service of such notice by attorney for appellants-defendants as distinguished from service by the prothonotary.

As to the second issue, we hold that service of such notice need not be made by acceptance of service or registered mail but that same may be served pursuant to Pa. R. C. P. 233, 1027 and 1041. Pa. R. Civil Procedure 233 provides that "All legal papers, except writs and pleadings, to be served upon a party under any rule of civil procedure including but not limited to motions, petitions, answers thereto, rules, orders, notices, interrogatories and answers thereto shall be served: (1) within the county in which the action is pending in the manner provided by Rule 1027(1) and (2)." Pa. R. C. P. 1027 provides, in part, for service by leaving a copy for a party at the address endorsed on an appearance or prior pleading of the party if there is such endorsement. Pa. R. C. P. 1041 provides that "the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit" except as otherwise provided by tresspass rules. Although Pa. R. C. P. 233 relates to service under rules of civil procedure and although we are here considering service of notice under our said local rule, we hold that service in accordance with Pennsylvania Rules of Civil Proce-

dure of a notice under a local rule of court is properly effected even though such service is not effected in technical compliance with the local rule pursuant to which the notice is given.

As to the third issue, we hold that adequate legal notice of appeal was served on attorney for appellees-plaintiffs. It appears from statements of fact contained in Lawyer Thatcher's affidavit, which were admitted by Lawyer Brugler at argument, that Lawyer Thatcher, after having filed notice of appeal, affidavit and praecipe on October 15, 1971, withdrew the same from the prothonotary's office on October 16, 1971, took same to the offices of Brugler & Levin for the purpose of having service accepted, spoke to Lawyer Levin who advised that Lawyer Brugler would not be in that day, advised Lawyer Levin that he had a paper for acceptance of service by Lawyer Brugler, and inquired of Lawyer Levin whether or not he, Lawyer Levin, would accept service thereof. It also appeals from said affidavit that Lawyer Levin declined to accept service stating that he preferred that Lawyer Brugler accept service personally, that thereafter numerous efforts were made by Lawyer Thatcher to make contact with Lawyer Brugler for acceptance of service, and that, all such efforts having failed, Lawyer Thatcher's secretary left the same with Lawyer Brugler at his office when he refused to accept service thereof. Lawyer Levin had it within his power to accept service and to receive notice within the 20-day appeal period but refused. We hold that he had notice of that which was offered to him and that notice to him was notice to his partner: Kerchner, Sr.'s Estate, et al. v. Liquor Control Board, 4 Comm. Ct. 247, 285 A. 2d 891.

Even though a determination of the fourth issue is unnecessary by reason of our holding on the third issue, nonetheless we hold that it was not necessary

for notice of appeal to be served within the 20-day appeal period. We do not believe that the drafters of our said local rule intended the right of appeal to be conditioned upon the performance of an act by the prothonotary, to wit: the service by the prothonotary upon the adverse party or his counsel of copy of notice of appeal. By reason thereof and for the additional reason that provision for service appears in parenthesis, an ambiguity exists in the rule which must be resolved in the favor of appellants-defendants. Furthermore, review of various appeal provisions does not reveal a single instance where service of notice of appeal is required before lapse of appeal period.

As to appellate proceedings with respect to judgments and other decisions of justices of the peace in civil matters, Pa. R. C. P. J. P. 1002 provides for filing of notice of appeal within 20 days from date of judgment. Pa. R. C. P. J. P. 1005A provides for service upon appellee of copy of notice of appeal but does not state when such notice must be served. We assume that service after lapse of appeal period is intended since paragraph B thereof requires filing of proof of service of notice of appeal within five days after filing notice of appeal.

Section 21 of the Act of March 20, 1810, P. L. 208, 42 PS §951, provides that a writ of certiorari shall not be issued after 20 days from rendition of judgment but allows 5 days thereafter for service.

Supreme Court Rule 63 provides that appellant shall, immediately upon entering his appeal, serve notice thereof on the opposite party or his counsel and shall promptly file in the court below proof of the service of such notice but does not provide a deadline for service of such notice.

Superior Court Rule 46 is similar to Supreme Court Rule 63.

Commonwealth Rule 23 provides that such notice shall be served within 48 hours after an appeal is taken.

The Minor Judiciary Court Appeals Act approved December 2, 1968, P. L. 1137, 42 PS §3005, provides that an appeal must be taken within 20 days but makes no mention of service of notice of appeal.

As to the fifth issue, we hold that affidavit under our said local rule need not be that of appellants-defendants but may be that of attorney for appellants-defendants. Paragraph I of section 27 of the Act of June 16, 1836, supra, 5 PS §71, provides for such oath or affirmation by "appellant, his agent, or [his] *attorney*." Although a local rule may enlarge a statutory provision, it may not be "contradictory to the law of the land": Barry v. Randolph, 3 Binney 277, at 278 (1810).

As to the sixth issue, we hold that appeal bond, or recognizance, as required by our said local rule need not be executed by appellants-defendants but may be executed by attorney for appellants-defendants. Paragraph III of section 27 of the Act of June 16, 1836, supra, 5 PS §71, provides that "The party, his agent, or *attorney*, shall enter into the recognizance" thereinafter mentioned. Therefore, we repeat that a local rule may enlarge statutory provisions but may not alter same: Barry v. Randolph, supra.

As to the seventh issue, we hold that an appeal bond containing warrant of attorney for confession of judgment need not be filed when cash is deposited but that recognizance without such warrant of attorney may be filed when cash is deposited. Although our said local rule requires an appeal bond containing warrant of attorney for confession of judgment, section 30 of the Act of June 16, 1836, supra, 5 PS §75, does not contain such a requirement. The legislature knew how to include such a requirement if intended. By omission

of such requirement after describing bond with surety reveals that the legislature intended to exclude such requirement. Although a local rule may enlarge statutory provisions, they may not enlarge statutory provisions to include what the legislature intended to exclude.

## ORDER

Now, June 16, 1972, motion for rule to quash defendants' appeal is dismissed. Exception noted to Brugler & Levin, Esqs., and within case is ordered upon the trial list.