555 A.2d 1328

GWIN ENGINEERS, INC., Appellee,

v.

CRICKET CLUB ESTATES DEVELOPMENT GROUP, a Limited Partnership; Team Development 3, a General Partnership; John W. Kerns, Richard Truesdale and Joseph L. Haller, Partners, Appellees.

Appeal of Joseph L. HALLER, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 13, 1988.

Filed March 15, 1989.

C. Wayne Hippo, Hollidaysburg, for appellant.

John W. Heslop, Jr., Altoona, for appellees.

Before BROSKY, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment entered following a trial court order confirming an arbitration award. We affirm.

Appellee entered an agreement with Cricket Club Estates Development Group to provide survey and engineering design services. The general partner of Cricket Club was Team Development 3, a general partnership equally owned

and operated by Appellant and two other individuals. The agreement contained a clause requiring that any disputes or claims arising under the contract were to be decided by arbitration in accordance with the rules of the American Arbitration Association. Approximately ten months after the contract was executed, a corporate entity known as Team Development 3, Inc. came into existence and was substituted for the prior general partner in Cricket Club. This substitution was carried out without the written consent of Appellee, as required in the contract. Nearly two years after the substitution, Appellant resigned as an officer and director of the newly formed corporation and transferred all of his stock to another individual.

Several months later Appellee filed a demand for arbitration against Cricket Club, Team Development 3, and it's three partners, one of whom was Appellant. Appellant received notification of this demand and contacted Appellee's attorney to inform him that Appellant believed he was no longer liable for claims against Team Development 3. Appellant was not mailed notification of the time or place of the hearing but notification was sent to and received by one of Appellant's partners. This individual's name and address was listed as that belonging to Team Development 3. The principal place of business of Cricket Club was also listed in the contract at the same address under the care of the same individual. The arbitrator found in favor of Appellee in an amount totaling $21,725.79. A petition to confirm this award was granted and judgment was entered.

Appellant claims that he can not be bound by the terms of the contract since, individually, he was not a party to the agreement entered into between Appellee and Cricket Club. He also asserts that his liability was extinguished when a new corporation was formed and substituted as a general partner and because he transferred his corporate stock to another. It would be improper to reach the merits of these claims in view of our narrow standard of review in this matter.

■ The agreement at issue provided for arbitration according to the rules of the American Arbitration Association and did not provide for arbitration according to the rules of statutory arbitration. In such an instance the arbitration is one which falls under Subchapter B or Common Law Arbitration. *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 383 A.2d 189, 191 (1978). In arbitration governed by common-law principles, the arbitrators are the final judges of both law and fact and the award is not subject to judicial review for mistakes of either unless it is clearly shown that the party was denied a hearing or that fraud, misconduct, corruption, or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. *Greenspan v. United Services Auto. Assoc.*, 324 Pa.Super. 315, 471 A.2d 856 (1984). To prevail on these grounds, actual fraud must be shown, involving collusion with one of the parties, or misconduct intended to create a fraudulent result. *Mellon v. Travelers Ins. Co.*, 267 Pa.Super. 191, 406 A.2d 759, 761 (1979). "An argument that the arbitrators were prejudiced or partial, or that they reached an award so unjust that it constitutes constructive fraud, will not be heeded. Similarly, an 'irregularity' will not be found simply upon a showing that an incorrect result was reached." *Id.* An irregularity which requires reversal of a common-law arbitration award refers to the process employed in reaching the result of the arbitration, not to the result itself. *Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Assoc., Inc.*, 328 Pa.Super. 357, 477 A.2d 482 (1984).

■ Appellant's claims that he was not a proper party to this action due to his disassociation with the partnership and the fact that he, personally, was not a party to the agreement which called for arbitration, do not fall within any of the above cited grounds for vacating or modifying the award. This is a matter which should have been brought to the attention of the arbitrator. It is a claim which would be appropriate for the arbitrator's resolution but it is not a claim upon which we can grant review.

■ Appellant however, does make a related claim upon which relief could be granted. Appellant asserts that he

was denied a hearing since he did not receive notice of the time and place the hearing was to be held.

It is appropriate for us to grant relief in a case where a party is denied a hearing. Further, the right to a fair hearing comprises the right to notice and an opportunity to be heard. *Paugh v. Nationwide Ins. Co.*, 278 Pa.Super. 108, 420 A.2d 452 (1980). However, in this case, Appellant was granted notice and an opportunity to be heard. He admits he received actual notice of Appellee's intention to arbitrate by certified mail. He also admits that he acted on this notice by contacting Appellee's counsel. Appellant's partner in Team Development 3 did receive notice as to the time, place and date of the hearing at the address listed as belonging to the partnership.

The Rules of Civil Procedure provide the following regarding the service of process upon a partnership:

Service of original process upon a partnership and all partners named in the action or upon an unincorporated association shall be made upon any of the following persons provided the person served is not a plaintiff in the action:

(1) any partner, officer or registered agent to the partnership or association.

Pa.R.Civ.P., Rule 423, 42 Pa.C.S.A. Furthermore, the Uniform Partnership Act provides:

Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonable could and should have communicated it to the acting partner, operate as notice to or knowledge of the partnership, except in the case of a fraud on the partnership committed by or with the consent of that partner.

59 Pa.C.S.A. § 324.

Appellant does not allege that any of the parties acted fraudulently and notice to the one partner was clearly

established. Since notice to any partner of partnership affairs operates as notice to the partnership, (*Estate of Kerchner v. The Pennsylvania Liquor Control Board*, 4 Pa.Cmwlth. 247, 285 A.2d 891, 892 (1971)), Appellant must be denied relief.

Order and judgment affirmed.