## Fekos Enterprises Inc. v. C. Randal Vanderhoff & Sons Inc.

*Maurice A. Nernberg,* for plaintiffs.
*Leslie J. Mlakar,* for defendant.

LOUGHRAN, *J.,* July 31, 1995—

### HISTORY

The plaintiff on June 8, 1995 began the within lawsuit by filing a complaint in equity seeking, among other matters, to enjoin the defendant from arbitrating an underlying contractual dispute before the AAA scheduled for June 20, 1995. A hearing was scheduled by the court for June 15, 1995 to determine the merits of the requested injunction.

At the hearing of June 15, 1995, counsel for both parties agreed that a hearing on a preliminary injunction was unnecessary if counsel for the defendant would postpone the AAA hearing of June 20, 1995 until a date after the final hearing date of October 20, 1995 to allow this court an opportunity to rule on the purely legal issues raised regarding whether there is a prohibition of defendant Vanderhoff using these courts, when they are not registered to do business in the Commonwealth.

This court then entered an order of June 15, 1995 setting forth this court's understanding of the parties' agreement.

This court is in receipt of a brief in support of a preliminary injunction from Attorney Maurice A. Nernberg on July 17, 1995, and as well a brief opposing a preliminary injunction on behalf of the defendant filed on July 18, 1995, by its attorney, Leslie J. Mlakar, Esquire. The following is the opinion of the court as it relates to the preclusion of arbitration before the AAA in Pennsylvania that is to be decided preliminarily or before the hearing scheduled for Friday, October 20, 1995 at 9 a.m. seeking a permanent injunction.

## OPINION

The plaintiffs' position is that the law does not permit a nonqualified foreign business corporation to maintain any action, in any court of the state without a certificate of authority. C. Randal Vanderhoff & Sons Inc. is a foreign business corporation with its principal office located at 8300 Belmont Avenue, Belmont, Michigan 49306. The defendant has stipulated that it is a fact that the defendant Vanderhoff was not and is not registered with the Pennsylvania Department of State to do business in Pennsylvania. As such, they argue that

the defendant is not permitted to use the Pennsylvania courts—see section 15 Pa.C.S. §4141 as follows:

"(a) Right to bring actions or proceedings suspended. A nonqualified foreign business corporation doing business in this Commonwealth within the meaning of subchapter B (relating to qualification) shall not be permitted to maintain any action or proceeding *in any court of this Commonwealth* until the corporation has obtained a certificate of authority." (emphasis added)

In support of his position, the plaintiffs rely on the New York case of *In re: Vanguard Films Inc.,* 67 N.Y.S.2d 893 (Sup. Ct. 1947). The New York court interpreted a New York statute which is not comparable. This case is not persuasive, since our statute's penalty for failure to register to do business is a narrow one—a prohibition against maintaining an action in the courts of the Commonwealth. The AAA is not a court of the Commonwealth!

In the instant case, the parties have agreed to submit this matter to a nonjudicial tribunal, *i.e.,* American Arbitration Association. 15 Pa.C.S. §4141 prohibits the use of a court of this Commonwealth. Here, the AAA is not a court, but a nonjudicial tribunal established for the purpose of dispute resolution.

This type of dispute resolution is common-law arbitration and is recognized by the Pennsylvania Legislature (42 Pa.C.S. §7341) and the Pennsylvania judiciary as a means of settling disputes. The legislature has enacted various statutes which apply to common-law arbitration:

"Section 7342. Procedure.

"(a) General rule—The following provisions of subchapter A (relating to statutory arbitration) shall be

applicable to arbitration conducted pursuant to this sub-chapter.

"Section 7303 (relating to validity of agreement to arbitrate).

"Section 7304 (relating to court proceedings to compel or stay arbitration).

"Section 7305 (relating to appointment of arbitrators by court).

"Section 7309 (relating to witnesses, subpoenas, oaths and depositions).

"Section 7317 (relating to form and service of application to court).

"Section 7318 (relating to court and jurisdiction).

"Section 7319 (relating to venue of court proceedings).

"Section 7320 (relating to appeals from court orders) except subsection (a)(4)."

However, none of these sections preclude arbitration before the AAA in Pennsylvania. The AAA is not a court and therefore, the issue of jurisdiction is not applicable.

Further, our courts have recognized AAA arbitration as common-law arbitration. *Gwin Engineers v. Cricket Club Estates,* 382 Pa. Super. 533, 555 A.2d 1328 (1989). In common-law arbitration, the parties can consent to the forum in which the arbitration is to be heard.

Further, the issue raised by Fekos is one of jurisdiction of the parties and not one of subject matter jurisdiction. A court's jurisdiction over the parties, unlike jurisdiction over the subject matter, may be acquired by consent waiver, or estoppel. Jurisdiction over the parties may be waived, *Crown Construction Co. v. Newfoundland American Insurance Co.,* 429 Pa. 119, 239 A.2d 452 (1968), or may be conferred by consent or agreement.

Here, the parties consented to arbitration by the AAA. Fekos cannot now assert that it did not consent to the nonjudicial forum.

Vanderhoff contends that the contractual agreement to arbitrate any dispute by use of the AAA is a valid binding contract as it applies to Fekos. This agreement to arbitrate has designated the AAA as a nonjudicial forum to hear the dispute. Since the AAA is not a judicial forum, it is not a court of the Commonwealth of Pennsylvania. Hence, Vanderhoff is not precluded from pursuing the arbitration by 15 Pa.C.S. §4141, because this section only precludes a nonqualified foreign corporation from maintaining an action or proceeding in any *court* of this Commonwealth. (emphasis supplied) The AAA is not a court, therefore, Vanderhoff may proceed to arbitrate this matter.

## ORDER

And now, to wit, July 31, 1995, after receipt of memorandums of law from both parties asking this court to preliminarily decide whether or not the underlying dispute may proceed to arbitration and where it appears to the court that under the circumstances presented to the court, that the issue of jurisdiction is not applicable, and therefore, it is hereby ordered, adjudged and decreed that C. Randal Vanderhoff & Sons Inc. may proceed to arbitrate the within matter before the AAA in Pennsylvania.

It is the further order of this court that the hearing so scheduled before this court for Friday, October 20, 1995 at 9 a.m. requesting a permanent injunction against the defendant to enjoin them from suing the individual plaintiffs or defendant in the AAA matter, will proceed as scheduled on that issue alone.