**Roosevelt-Bentman Trust for American Voters**

C.P. of Philadelphia County, O.C. No. 608 IV of 2014

CARRAFIELLO, *J.*, Feb. 2, 2015—

### Facts and Procedural History

The Roosevelt-Bentman Trust for American Voters (hereinafter referred to as the "Trust") was established by the petitioner, 59th Republican Ward Executive Committee, on October 4, 2007.[1] Respondent, Republican National Committee, is alleged to be a qualified beneficiary of the

---

1. Petition to confirm arbitration award, p. 2.

Trust.[2] Respondent, however, denies any involvement with or any interest in the Trust.[3]

On May 2, 2014, the petitioner herein filed to confirm an arbitration award alleging that, pursuant to an arbitration hearing held and an award entered in favor of the 59th Republican Ward Executive Committee and against respondent purportedly effective June 12, 2009[4], this court should confirm the award and enter a judgment against the respondent.[5]

Contemporaneously with the above petition, Peter Wirs, as Trustee of the Roosevelt-Bentman Trust for American Voters, filed his own petition for declaratory judgment on behalf of the Trust (hereinafter referred to as "Mr. Wirs' petition"). However, his petition was dismissed on May 21, 2014 for the following deficiencies/irregularities:

1. The petition indicated Mr. Wirs was proceeding *pro se*, while the cover sheet indicated he was represented by counsel.

2. Mr. Wirs failed to give his address.

3. Mr. Wirs failed to request relief and inappropriately attached proposed findings of fact and conclusions of law which identified no issue(s) or any specific request for relief.

4. The petition was not in prescribed paragraph form and, in violation of Rules of Civil Procedure, it was unnecessarily anecdotal, prolix, and devoid of

---

2. Petition to confirm arbitration award, p. 3.
3. On The tecord conference, N.T. 10/02/14, p. 13-15.
4. Pctition to confirm arbitration award, p. 3-4.
5. Petition to confirm arbitration award, p. 4.

necessary, specific factual allegations which would justify relief.

5. Mr. Wirs failed to identify any respondent(s), even though he made allusions to beneficiaries' actions which he claimed had been injurious to the Trust.

6. Mr. Wirs failed to append or incorporate by reference or otherwise identify with specificity the Trust and its relevant provisions. Nor did he append a copy of the award of arbitrators or state the exact language of the award.[6]

Mr. Wirs filed Exceptions to the court's decree on June 6, 2014, and while they were pending, withdrew his petition on July 3, 2014. The exceptions were dismissed on July 9, 2014 before the court received the praecipe for withdrawal.[7]

Following the dismissal of exceptions, this court ordered an on the record conference/hearing be held on October 2, 2014 on the 59th republican ward executive committee's petition to confirm arbitration award and judgment. Present at the hearing were attorneys Jonathan Goldstein and Britain Henry for the respondent appearing specially to challenge propriety of service. Also present were attorney Lawrence Otter for the petitioner and Mr. Wirs as an officer of petitioner as well as a trustee. At the conclusion of that hearing, the court ordered both petitioner and respondent to each submit a memorandum of law within 60 days of the date of the decree.[8] The parties were instructed to be discrete, concise, and address

---

6. Decree Dated 05/21/14, Control #14 1401.
7. Decree Dated 07/9/14, Control #141401.
8. Decree Dated 10/06/14, Control #14 1397.

solely the issues of: 1) whether the Orphans' Court is the proper venue to confirm the arbitration award and enter a judgment and 2) whether the arbitration forum had obtained jurisdiction over the respondent.[9]

On December 4, 2014, the Republican National Committee filed its memorandum in response to the court's October 6th decree. On December 9, 2014, the 59th republican ward executive committee filed its memorandum.

On December 11, 2014, the respondent filed a motion to strike petitioner's memorandum of law as filed untimely and without just cause.[10] In response, petitioner filed a motion requesting that its memorandum be deemed filed on December 8, 2014.[11] Respondent filed an answer to this motion on January 8th, 2015.

## Discussion

1. The purported arbitration "award" in a forum lacking jurisdiction renders it a nullity.

An arbitration award in a nonjudicial arbitration is binding and may not be vacated or modified "unless it is clearly shown that a party was denied a hearing or fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable, or unconscionable award." 42 Pa.C.S. §7341. The type of irregularity "refers to the process employed in reaching the result of the arbitration, not the result itself." *Gwin Engineers v. Cricket Club Estates Development Group*, 555 A.2d 1328

9. Decree Dated 10/06/14, Control #14 1397.
10. Respondent's motion to strike, Control #144010.
11. Petitioner's motion for filing to be deemed as filed as of submission date, Control #150022.

(Pa. Super. 1989) citing *Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Assoc., Inc.* 477 A.2d 482 (Pa. Super. 1984).

In the present matter, the court ordered petitioner to address the issue of jurisdiction and venue. Not only did it fail to do so, it failed to supply the most essential of information, not only in its petition but also in its memorandum. It failed to identify the arbitrator, the date and place of the arbitration hearing, and the details of notice and/or service to establish jurisdiction.

While petitioner failed to specifically identify the arbitrator, since Mr. Wirs is the only Trustee ever mentioned or identified, this leads to the inescapable conclusion that Mr. Wirs was in fact the arbitrator for the arbitration hearing. Given his position as trustee, as well as an officer of the petitioner 59th republican ward executive committee and the party initiating the arbitration and seeking confirmation of the award, he was anything but impartial.

In addition to petitioner's failure to provide indication of even the semblance of a hearing, it is unquestionable that the arbitration forum lacked *in personam* jurisdiction over respondent. In order for an arbitration forum to have jurisdiction over an entity, it must be proven that the entity was properly served. *Reco Equip., Inc. v. John T. Subrick Contracting, Inc.*, 780 A.2d 684, 687 (Pa. Super. 2001). Where service has not otherwise been agreed to, service pursuant to our Rules of Civil Procedure (which are applicable in Orphans' Court matters) is required.

Petitioner willfully failed to disclose facts which would have constituted service, thereby establishing jurisdiction

over respondent. Instead, petitioner chose to make the bold, unsupported assertion in its memorandum that jurisdiction had been waived.

Petitioner's factual allegations, scant as they are, depict a proceeding which is foreign to our concept of due process. Except for the 1960's television comedy about the fictional town of "Mayberry," no one, learned in the law or not, believes that in America, a judge, party, and prosecutor who all share the same identity can render a decision that is given the weight of law. Even in "Mayberry," the fact that the sheriff was also the justice of the peace and the mayor was part of the ridiculous scenario that made the show laughable.

Petitioner's failure to disclose all pertinent facts leaves the court with the conclusion that the apparent identity of forum, moving party, and arbitrator renders the award unjust, inequitable, and unconscionable.

Despite being given a second opportunity by this court's decree of October 6, 2014 to provide specific facts concerning jurisdiction, and upon petitioner's complete failure to do so, we conclude that the arbitration forum never obtained jurisdiction over respondent by either actual service or by voluntary submission.

While the trustee in this matter, Mr. Wirs, has exhibited great knowledge of legal terminology, nowhere has he or his attorney(s) attempted to address the question of jurisdiction and service, except to offer the untenable representation that neither is applicable. The failure to render an explanation as required by this court's order is fatal to the claim and this court cannot give the arbitration hearing any legal recognition whatsoever.

This court is greatly concerned that an astute petitioner and more than one lawyer have failed to render what is, in our country a universal right, due process of law. Due process protects an entity from being subject to the binding judgments of a forum with which there are no meaningful "contacts, ties, or relations." *Kubick v. Letteri*, 614 A.2d 1110, 1113 (Pa. 1992); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319, 66 S. Ct. 154, 160 (1945). "At a minimum, due process requires notice and right to be heard." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493(1985).

Further, an arbitration hearing is "not a wholly informal process and requires for its validity the observance of certain minimum standards indispensable to the securing of a fair and impartial disposition of the merits of the controversy." *Andrew v. CUNA Brokerage Servs., Inc.*, 976 A.2d 496, 501 (Pa. Super. 2009) quoting, *Scholler Bros v. Otto A.C. Hagen Corp.*, 44 A.2d 321, 322 (Pa. Super. 1945). These minimum standards require that all parties are provided with proper notice, all the arbitrators sit at the hearing, each side is entitled to be heard and to be present when the other party's evidence is being given, and, unless the submission allows a decision by a majority of the arbitrators, all must join in the award. *Id.*

Respondent Republican National Committee was never given an opportunity to be heard at the arbitration hearing. The only notice it received was an email notification sent two days before the alleged award was to be effective.[12] The email notification failed to provide the specific details

---

12. On the record conference, NT. 10/2/14, p. 21, Exhibit P-I.

of the alleged arbitration hearing, such as the actual date the hearing was held, the place where the arbitration hearing was held, the arbitrators of the hearing, as well as the parties present at the hearing. The petitioner's failure to provide this information further illustrates the lack of fundamental fairness and shows that the arbitration hearing was not a "fair and impartial disposition of the merits of the controversy." *Id.* In summary, petitioner cannot raise an issue, give the respondent no notice of the hearing, prosecute that issue, decide in his own favor, and then expect a court to give it judicial recognition and enforceability by entering a judgment on its decision.

2. Petitioner's Memorandum failed to comply with the Court's Decree and provide the required information.

In its October 6th decree, the court ordered both parties to address only two issues: 1) whether the Orphans' Court is the proper venue to confirm the arbitration and enter a judgment and 2) whether the arbitration forum had obtained jurisdiction over the respondent.[13] Petitioner's memorandum only briefly and summarily addressed the first issue.[14] Then, instead of discussing the second issue of jurisdiction as directed, the petitioner avoids it by concluding that jurisdiction had been waived by the respondent five years ago.[15] Contrary to the court's decree and the court's specific instructions to the parties on the record, the petitioner redefined the issue by answering that the court had no need of asking the question in the first place, since, for purposes of entering the requested relief,

---

13. Decree Dated 10/06/14, Control #141397.
14. Respondent's memorandum of law in response to court decree entered at the bar of court at I.
15. *Id.*

it only had a "ministerial duty."[16] In more gracious terms, petitioner has told the court to mind its own business.

Considering the lack of information in petitioner's memorandum, the court cannot determine whether the arbitration forum had jurisdiction to enter the award and the court is left with no other choice but to find that petitioner failed to obtain jurisdiction over the respondent.

3. The Petitioner failed to timely comply with the Court's Decree.

The court's decree ordered that within 60 days of the date of the decree, both parties were to submit memoranda.[17] Petitioner untimely filed his memorandum 64 days after the date of the decree. While this court will not dismiss the petition for this reason and shall make its decision on the merits, it is significant that petitioner has failed to comply, once again, with this order of court.

4. Petitioner failed to comply with the Court's Decree by not addressing the issue of whether the Orphans' Court had jurisdiction over this matter.

The court ordered the parties to concisely address whether Orphans' Court is the proper venue to confirm the arbitration award and enter judgment. Just as with questions of jurisdiction over the person, questions as to subject matter jurisdiction are ones of utmost importance. Despite the petitioner's failure to address this issue, this matter cannot be concluded without an analysis of the court's authority to act in this matter.

---

16. Petitioner's memorandum of law in response to court decree entered at the bar of court at 1-3.

17. Decree Dated 10/06/1 4, Control #14 1397.

Section 711 of the Pennsylvania Consolidated Statutes, states as follows: "...the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division: ...(3) Inter vivos trust — the administration and distribution of the real and personal property of inter vivos trusts and the reformation or setting aside of any such trust..." 20 Pa. C.S. § 711(3).

The petition currently before this court was originally filed in Orphans' Court but obviously does not fall within the grant of the jurisdiction to this court. With the dearth of facts, we are forced to assume that the inter vivos trust here was the arbitration forum, and the only property sought to be distributed was the property of respondent, who is obviously not a trust. Therefore, at first glance, this is not a matter of trust administration and/or distribution.

However, since this court is confronted with an inter vivos trust acting ostensibly outside its sanctioned usual activities with a cavalier disregard for propriety and legality, this court has jurisdiction to see that its administration conforms to law. It is certainly within the province of Orphans' Court to prevent inter vivos trusts from being illegally used for improper purposes.

## Conclusion

Few times has this court seen a petitioner write so much while informing so little. The basics as to the transaction, the entities involved, the forum's award, and other vital information, despite this court's best efforts, have been kept guarded secrets. The unwillingness of petitioner to let the tribunal's actions be viewed with transparency, and the failure to prove the necessary elements of due process leave this court no recourse but to dismiss this matter. If

an arbitration award is to be given the effect of and force of law, then the award itself must be demonstrated to have been obtained without violating our most basic legal beliefs. Since petitioner has been given an opportunity to cure its defects but has responded by defining our duties as only "ministerial", we have no recourse but to dismiss this petition with prejudice, and therefore enter a decree as follows, to that effect.

## DECREE

And now, this 2nd day of February 2015, upon consideration of petitioner's petition to confirm arbitration award, hearing thereon, post hearing memoranda, and the court's memorandum issued this date,

It is hereby ordered and decreed that the petition is dismissed with prejudice.