474 A.2d 1171

**ERIE INSURANCE EXCHANGE and Michael L. Brenneman**

v.

**Stanley S. McGEE and Lorraine L. McGee, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 2, 1983.

Filed April 27, 1984.

Petition for Allowance of Appeal Denied Oct. 15, 1984.

Terry S. Hyman, Harrisburg, for appellants.

Clyde S. McIntyre, Harrisburg, for appellees.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

PER CURIAM:

Appellants, Stanley S. and Lorraine L. McGee appeal from the trial court's denial of their request for delay damages under Pa.R.C.P. 238 in their uninsured motorist arbitration award against appellee Erie Insurance Exchange hereinafter Erie. The trial court held only that the Supreme Court did not intend to award prejudgment delay damages to be awarded to successful plaintiffs under arbitration clauses such as that found in Erie's uninsured motorist policy. Pursuant to Erie's request that the trial court modify the arbitrator's award, the court held that the arbitration clause was governed by common law principles. Appellants do not contest that characterization on appeal. However, appellants contend that to interpret Rule 238 as not applying to uninsured motorist arbitration awards impermissibly segregates plaintiffs injured by uninsured motorists from all other plaintiffs in personal injury cases. Thus, they urge Rule 238's applicability to them.

*Greenspan v. United Services Automobile Association,* 324 Pa.Super. 315, 471 A.2d 856 (1984) is dispositive of this case. By that decision, common law arbitration decisions

which are not attacked as resulting from an irregularity *James D. Morrisey, Inc. v. Gross Construction Co.,* 297 Pa.Super. 151, 443 A.2d 344 (1982) or as unconstitutional or against public policy, *United Services Automobile Association Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974), may not be modified or corrected by another tribunal.

This Court in *Greenspan* refused, acknowledging the Supreme Court's constitutionally created rule-making power, to include common law arbitration within the ambit of Rule 238.

"If the Supreme Court had desired a court of common pleas to have the authority to modify a common law arbitration award so as to affix 'damages for delay,' it could have made provisions for such a practice in the Rules of Civil Procedure." *Greenspan, supra,* 324 Pa. Super. 315, 471 A.2d 856.

Thus, the order of the lower court, denying appellant McGee's motion to modify the arbitrators' award to include delay damages is affirmed.