475 A.2d 842

**Frank HENNESSEY and Jill Rupp, Appellants,**

v.

**AMERICAN MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 14, 1984.

Filed May 18, 1984.

Drew S. Dorfman, Philadelphia, for appellant.

Harry G. Mahoney, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

The only issue in this case is whether Pa.R.C.P. 238 has application to an uninsured motorist arbitration held pursuant to the Act of April 25, 1927, P.L. 381, No. 248, 5 P.S. §§ 161 et seq., now recodified at 42 Pa.C.S. §§ 7301 et seq. The learned trial judge held that Rule 238 had no application and vacated that portion of the arbitrators' award which represented damages for delay. We affirm.

The language of Rule 238 is clear. It has no application to arbitration under the Act of 1927. We agree fully with the trial court's observation that "the language of the rule

limits the class of arbitrators qualified to apply the rule to those 'appointed under the Arbitration Act of June 16, 1836 ... or the Health Care Services Malpractice Act of October 15, 1975...' [Pa.R.C.P. 238(a)]. The concept expressed in the maxim 'inclusio unius est exclusio alterius' is fully applicable in these circumstances. The Supreme Court of Pennsylvania, by including certain arbitrators in the rule, was implicitly indicating to the courts that only those, and no others, could award delay damages. No mention is made in the rule of either statutory or common law arbitrators." (footnotes omitted).

Since the trial court filed its opinion in the instant case, this Court has had several opportunities to consider the application of Rule 238 to common law arbitration. It has held uniformly that the rule, by its express terms, has no application to such arbitration proceedings. See: *Erie Insurance Exchange v. McGee*, 327 Pa.Super. 56, 474 A.2d 1171 (1984); *Greenspan v. United Services Automobile Association*, 324 Pa.Super. 315, 471 A.2d 856 (1984). For the same reason, it has no application to statutory arbitration.

The order of the trial court is affirmed.