## Davis v. Erie Insurance Group

*Thomas M. Holmes* and *James T. McHale,* for plaintiff.

*Edward S. Neyhart,* for defendant.

MUNLEY, *J.,* October 24, 1991—Before the court for disposition is plaintiff's motion for delay damages pursuant to Pa.R.C.P. 238.

The facts of this case reveal that on March 24, 1985, plaintiff sustained injuries as a result of an automobile accident. The insurance company for the tortfeasor was Allstate Insurance Company. On or about October 1, 1986, Allstate paid the $50,000 policy limits in full to plaintiff in exchange for a general release.

At the time of the accident, Ms. Davis had her own automobile insurance coverage with defendant, Erie Insurance. Defendant paid plaintiff's medical bills, but alleged that said insurance policy did not include underinsurance coverage. On June 9, 1986, plaintiff commenced this action seeking declaratory relief to determine whether the liberalization clause of the automobile policy issued to Gail Davis by Erie Insurance Company automatically enlarged such policy to include underinsurance under the terms of the MVFRL. On September 28, 1988, an arbitration panel issued a decision denying plaintiff's request for underinsurance. Subsequently, a petition to vacate the arbitrator's award was filed by plaintiff. Judgment was entered on the court's opinion and order on January 8, 1990, sustaining the appeal and awarding the plaintiff underinsured motorist benefits in the amount of $15,000.

The decision of this court was appealed to the Superior Court and on December 19, 1990, the Superior Court affirmed our opinion and order.

*Davis v. Erie Insurance Group,* 400 Pa. Super. 345, 583 A.2d 819 (1990). The defendants then petitioned the Supreme Court for allocatur. The defendant's petition for allowance of appeal was denied by the Supreme Court on August 8, 1991. (no. 95 E.D., Allocatur Docket 1991.) A motion for delay damages was filed on January 12, 1990. An evidentiary hearing was held before this court on September 30, 1991, on the issue of delay damages.

Pursuant to Pa.R.C.P. 238, delay damages may be assessed in a civil action. An award or verdict must be made against the defendant for compensatory damages before Rule 238 may be applied. Defendant opposes plaintiff's request for delay damages alleging that no award or verdict was entered against defendant in the matter sub judice. Thus, defendant posits that the case should be remanded to the arbitrators for an award. We disagree.

The crux of this issue is the interpretation of the court's opinion and order of January 8, 1990. This court vacated the award of the arbitrators and interpreted the terms and provisions of the policy in question to include underinsurance coverage in the amount of $15,000. "Our review of the relevant case law convinces us that underinsurance motorist coverage falls within the provision of the *liberalization* clause, and thus we conclude plaintiff had underinsurance coverage of $15,000 at the time of the accident." "Now to wit, January 8, 1990, the plaintiff's appeal from the arbitrator's decision is sustained and underinsurance in the amount of $15,000 *is* available to the plaintiff, for the reasons set forth above." *Davis v. Erie Insurance Group,* 86 Equity 38 (Pa. Lacka. C.P., Jan. 8, 1990). (emphasis supplied)

The Uniform Arbitration Act allows the court to review, modify or correct an award of arbitrators.

*Greenspan v. U.S. Automobile Assoc.,* 324 Pa. Super. 318, 471 A.2d 856 (1984). It was the intent of this court to vacate the arbitrator's award and enter judgment for the plaintiff in this case. "There is simply no provision in the rule [Rule 238] sanctioning the entry of delay damages by a tribunal other than the one that issued the verdict, award or decision." Our order explicitly stated that $15,000 "is" available to the plaintiff, not "may be" available as defendant states in his brief. Accordingly, we find that an award of $15,000 in favor of the plaintiff has been entered in this case.

Finally, defendant argues that Rule 238 damages may not be assessed in a proceeding involving underinsurance arbitration. Defendant cites *Erie Insurance Exchange v. McGee,* 327 Pa. Super. 56, 474 A.2d 1171 (1984) and *Greenspan v. United Services Automobile Association,* 324 Pa. Super. 315, 371 A.2d 856 (1984), in support of this position. However, the holdings of both *Greenspan* and *McGee* state that common law arbitration decisions which are not attacked as resulting from an irregularity, or as unconstitutional or against public policy, may not be modified or corrected by another tribunal. In the instant case, we are governed by the Uniform Arbitration Act, 142 Pa.C.S. §7301 et seq., not common law arbitration. The Uniform Arbitration Act has a different standard of review than does common law arbitration and allows the court to review, modify or correct an award of the arbitrators. Thus, under the circumstances, this court has the power to modify a Uniform Arbitration Act award and subsequently assess delay damages. We further note that underinsurance arbitration claims are not specifically excluded by Rule 238, although other enumerated claims are. See Rule 238(e). More importantly, the

award in this case arose from the decision of this court and this is within the ambit of Rule 238.

We can now address the question of awarding delay damages. There are two periods of time to be excluded from the calculation of delay damages: "(1) any period of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least 90 days or until commencement of the trial, whichever first occurs, the offer is rejected by the plaintiff and the plaintiff does not recover more than 125 percent of the offer and (2) any periods of time during which the plaintiff caused delay of the trial." *King v. SEPTA,* 383 Pa. Super. 420, 557 A.2d 11 (1989). The burden is on the defendant to prove that the plaintiff delayed the trial.

We submit plaintiff's petition for delay damages in this case is meritorious. First, the record reveals that defendant did not render any settlement offer prior to the exhaustion of appeals. After the Supreme Court denied allocatur in this case, defendant *orally* offered to the plaintiff the sum of $15,000 to settle the case. Plaintiff testified to this at the evidentiary hearing: "Absolutely and unequivocally we have received no offer [prior to trial] whatsoever of settlement."

In determining whether the defendant was reasonable in refusing to offer an amount that the evidence establishes was, in fact, due, certain factors must be analyzed. These factors focus on the strengths and weaknesses of the parties positions and whether an insurer's failure to settle was a good faith decision. *Kuchak v. Lancaster General Hospital,* 377 Pa. Super. 288, 547 A.2d 372 (1988).

Our review of the record reveals that there is no question of liability and that the injuries of the plaintiff are so permanent and severe as to justify

damages in excess of the combined $50,000 liability limits of the tortfeasor's policy and the $15,000 underinsurance policy limits of plaintiff's policy. All these circumstances support the imposition of delay damages. It is unquestionable that this case could have settled and defendant could have avoided delay damages by engaging in reasonable settlement negotiations. *Id.* Also, the court has made it clear that the requirement of a written offer of settlement will be strictly construed, such that oral offers will not toll the running interest. *Miller v. Wise Business Forms Inc.,* 381 Pa. Super. 236, 553 A.2d 443 (1989). Moreover, we find defendant's settlement offer to be untimely.

Secondly, the record reveals that plaintiff did not delay the proceedings. Contrarily, defendant argues that plaintiff caused a delay in the proceedings and Rule 238 disallows recovery of delay damages when the plaintiff is at fault. Specifically, defendant alleges that plaintiff delayed the arbitration hearing by selecting attorney John Barry Beemer as an arbitrator; he subsequently had to be disqualified. Defendant argues that plaintiff selected an arbitrator who had a conflict of interest, thus causing a delay in the arbitration and this delay can be solely attributable to plaintiff. Plaintiff's attorney testified that he had no foreknowledge of any conflict of interest. We find that plaintiff's attorney did not erroneously and/or belatedly select an arbitrator with a conflict of interest. *Babich v. Pittsburgh and New England Trucking Co.,* 386 Pa. Super. 482, 563 A.2d 168 (1989). We determine that these circumstances do not amount to a failure to proceed diligently for purposes of delay damages.

With respect to delay of the proceedings, we find, not every procedural delay is relevant to the issue of delay damages. Normal delays are always present

and naturally affect the length of the proceedings. Plaintiff must be actively at fault for delaying the case to be held accountable for purposes of Rule 238. The ordinary delay that is at issue here is inherent in reaching final adjudication of a case and this counts against a defendant who does not make an adequate settlement offer.

We refuse to categorically impute fault for what the court perceives as a natural delay in the proceedings, unless it is demonstrated that plaintiff failed to take reasonable and normal steps to prepare her case and proceed to arbitration. *Kuchak* at 375. We find defendant has failed to demonstrate plaintiff is responsible for delay as Rule 238 intended responsibility to be placed. "Fault" has not been proven and assignable to the plaintiff in delaying the case to completion sooner than it should have ended.

In fact, we find the record reveals that defendant delayed the proceedings by consistently resisting plaintiff's request to submit the policy dispute to statutory arbitration. Plaintiff was forced to file the within action and the court, by order of President Judge James J. Walsh, ordered the matter to statutory arbitration pursuant to the Uniform Arbitration Act.

Thus, we determine, where a defendant has failed to make an adequate settlement offer pursuant to Rule 238(b)(1) and plaintiff has not caused delay of the trial as noted in Rule 238(b)(2), "delay damages" are properly awarded. Awarding delay damages does not penalize defendant, for they "had an opportunity to protect themselves from exposure to delay damages by making a reasonable offer of settlement in good faith and in a timely fashion." *King v. SEPTA,* 383 Pa. Super. 420, 557 A.2d 11 (1989). All of these factors support the imposition of delay damages, we find plaintiff is entitled to com-

pensation for the delay in receiving funds to which she is entitled. *Landenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981). See also Pa.R.C.P. 238, explanatory comment.

An award of $15,000 has been entered in favor of the plaintiff by this court, ergo, this is an appropriate case for the addition of delay damages. We direct that the award be molded to reflect the addition of delay damages in the amount of $3,941.41, post-judgment interest in the amount of $1,961.60 and total costs in the amount of $683.77. (See Appendix A) These figures are in accordance with the facts of this case and in compliance with the formula outlined in the revised Rule 238.

An appropriate order will be entered.

## APPENDIX A

| YEAR | RATE | INTEREST AMOUNT |
|---|---|---|
| *1987 | 8-1/2 | $ 716.00 |
| 1988 | 9-3/4 | 1,462.50 |
| 1989 | 11-1/2 | 1,725.00 |
| **1990 | 11-1/2 | 37.81 |
| Total Rule 238 Damages | | $3,941.41 |

Damages are calculated based upon the prime rate listed in the Wall Street Journal plus 1 percent. Rule 238.

* Interest for the fractional year 1987 was calculated from June 9, 1987, the date the complaint was filed.

** Interest for the fractional year 1990 was calculated to January 8, 1990, the date the award was entered.

| YEAR | RATE | INTEREST AMOUNT |
|------|------|-----------------|
| *1990 | 6 | $1,136.48 |
| **1991 | 6 | 825.12 |
| TOTAL INTEREST DUE | | $1,961.60 |

* Interest for the year 1990 was calculated from January 8, 1990, the date the award was entered until January 7, 1991.

** Interest for the year 1991 was calculated from January 7, 1991 until August 19, 1991.

| | |
|---|---|
| Amount of Award | $15,000.00 |
| Rule 238 Damages | 3,941.41 |
| Interest on Judgment | 1,961.60 |
| Costs | 683.77 |
| TOTAL | $21,586.78 |

### ORDER

Now, to wit, October 24, 1991, it is hereby ordered, for the reasons stated in the accompanying opinion, that the verdict be molded to reflect the addition of delay damages, interest and costs in the amount of $21,586.78.